**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **DAVID MCCAIG, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF ALLIE VIDA MCCAIG,** | |
| **Plaintiff,** | **Civil Action No.  2:11-cv-00351** |
| **v.** | |
| **WELLS FARGO BANK (TEXAS), N.A.** | |
| **Defendant** | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**AND MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FRCP 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Wells Fargo Bank N.A. ("Wells Fargo" or "Defendant") and files its Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) on all claims and causes of action brought by Plaintiff, David McCaig, Individually and as the representative of the estate of Allie Vida McCaig ("McCaig" or "Plaintiff"), and in support hereof, would respectfully show this Court as follows:

TABLE OF CONTENTS

Index of Authorities ................................................................................................ iii
   I.   Pertinent Facts and Procedural History ...................................................... 1
        A.   The Loan Documents ...................................................................... 1
        B.   Foreclosure and Prior Lawsuit ........................................................ 1
   II.   Summary Judgment Evidence ................................................................... 3
   III.   Standard of Review ................................................................................... 3
        A.   Summary Judgment .......................................................................... 3
        B.   Motion to Dismiss ............................................................................ 4
   IV.   Argument and Authorities .......................................................................... 5
        A.   Wells Fargo did not breach its contract with Plaintiff because
            Plaintiff did not have a contract with Wells Fargo ........................... 6
        B.   Plaintiff does not state a claim for violations of the Texas Fair
            Debt Collection Act ("TDCA") ........................................................ 8
            a.   David McCaig and the Estate of Allie Vida McCaig are
                not "consumers" under the TDCA. ........................................... 8
            b.   Plaintiff's TDCA cause of action is not properly pleaded ....... 11
        C.   Plaintiff's DTPA claim fails as a matter of law because neither
            David McCaig nor the Estate of Allie Vida McCaig are
            consumers under the DTPA ............................................................ 13
            a.   David McCaig and the Estate of Allie Vida McCaig are
                 not "consumers" under the DTPA ........................................... 14
            b.   Borrowing money does not convey consumer status on an
                 individual ............................................................................... 16
            c.   Plaintiff did not seek or acquire goods or services by
                 purchase or lease .................................................................... 17
            d.   Plaintiff's DTPA cause of action is not properly pleaded ........ 17
        D.   Plaintiff's claim for breach of fiduciary duty fails as a matter of
            law because a fiduciary relationship does not exist between Wells
            Fargo and Plaintiff ......................................................................... 19
        E.   Plaintiff's claim for unjust enrichment fails as a matter of law
            because Wells Fargo has not obtained a benefit from Plaintiff as a
            result of fraud, duress, and taking an undue advantage of Plaintiff ..... 20
        F.   Plaintiff's claim for money had and received fails as a matter of
            law because Wells Fargo does not hold money that, in equity and
            good conscience, belongs to Plaintiff ............................................. 22
   V.   Request for Attorneys' Fees and Costs .................................................... 23
   VI.   Conclusion and Relief Requested ............................................................ 24
   VII.   Prayer ..................................................................................................... 24
Certificate of Service ............................................................................................ 25

INDEX OF AUTHORITIES

**Cases**

*Afri-Carib Ent., Inc. v. Mabon, Ltd.*, 287 S.W.3d 217, 222 (Tex. App.-Houston [14[th]
    Dist.] 2009, pet. denied)........................................................................................20

*Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) .................................13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986) ................3

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006)........................................................5

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).......................................................5

*Austin v. Duval*, 735 S.W. 647, 649 (Tex. App.-Austin, 1987, writ denied) (quoting 58
    C.J.S. Money Received §41 (1948) ........................................................................22

*Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010).................19, 20

*Blanche v. First Nationwide Mortg. Corp* ...................................................................12

*Brown v. Bank of Galveston, N.A.*, 930 S.W.2d 140, 143 (Tex. App.-Houston [14th Dist.]
    1996) ..................................................................................................................14, 16

*Celotex Corp.*, 477 U.S. at 322-25, 106 S.Ct. at 2552-54.........................................3, 4

*Crowe v.* Henry, 43 F.3d 198, 203 (5th Cir. 1995) ........................................................5

*Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995)..............14

*Edwards v. Mid-Continent Office Distribs.*, 252 S.W.3d 833, 837 (Tex. App.-Dallas
    2008, pet denied)...................................................................................................22

*Emery v. Wachovia Bank, N.A.*, Civil Action No. H-10-cv-2213, *29-30 (S. D. Tex.
    December 21, 2011) ................................................................................................16

*Evertt v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.-Fort Worth 2005, no pet.). ...........22

*FDIC v. Munn*, 804 F. 2d 860, 865 (5th Cir. 1986) .....................................................16

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)...................... passim

*Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.-Fort Worth 2007, pet.
    denied)...................................................................................................................14

*Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) .......20

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991)......................................4

*Manufacturers' Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610
    (Tex. App.-Houston [1st Dist.] 1991, no writ) ..................................................19, 20

*Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351–52 (Tex. 1987)....................14

*Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) .........5

*Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009
    pet. denied)...........................................................................................................19

*Riverside Nat'l Bank v.* Lewis, 603 S.W.2d 169, 173-76 (Tex. 1980) .........................16

*Rogers v. R.J. Reynolds Tobacco Co.*, 761 S.W.2d 788, 793 (Tex. App.—Beaumont
    1988, writ denied) ...................................................................................................4

*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997) ..............................................5

*Vinson & Elkins v. Moran*, 946 S.W.2d 381, 408-9 (Tex. App.-Houston [14[th] Dist.] 1997..........14

*Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) ....................17

*White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 801 (Tex. App.—Tyler 1999, no pet.) ...............16

*Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) ......19, 20

*Winchek v. American Express Travel Related Servs. Co.,* 232 S.W.3d 197, 202
   (Tex.App.-Houston [1st Dist.] 2007, no pet.) ............................................................6

**Statutes**

Fed. R. Civ. P. 12(b)(6) .................................................................... 4, 5, 11, 13, 24
Fed. R. Civ. P. 12(h) ....................................................................................... 5
Fed. R. Civ. P. 56(c) ........................................................................................ 3
Fed. R. Evid. §902(5) ..................................................................................... 10
Tex. Bus. & Com. Code § 17.50(a) ................................................................. 14
Tex. Bus. & Com. Code §17.45(4) ................................................................. 15
Tex. Fin. Code §392.001(1) ............................................................................. 9
Tex. Fin. Code §392.302 ................................................................................. 9
Tex. Fin. Code §392.304 ............................................................................... 10
Tex. Fin. Code §393.001 ............................................................................... 11
Tex. Fin. Code §393.001(2) ........................................................................... 11
Tex. Fin. Code Ann. §392.403 ...................................................................... 12

iv

## I.
### PERTINENT FACTS & PROCEDURAL HISTORY

#### A.    THE LOAN DOCUMENTS

1.      On May 24, 2002, at the age of 96, Allie Vida McCaig executed a Note in favor of CTX Mortgage Company, LLC for the purchase of a home located at 4626 Quincy Drive, Corpus Christi, Texas 78411 (the "Property").  [Exhibit "A," Note].  Also on May 24, 2002, Allie Vida McCaig executed a Deed of Trust to secure payment of the Note.  [Exhibit "B," Deed of Trust].  On or about July 18, 2003, Wells Fargo became owner and holder of the Note.  *See* Exhibit "E," Declaration, par. 8.  Plaintiff does not dispute that Wells Fargo is owner and holder of the Note.  *See Exhibit "D," Compromise Settlement and Release of All Claims, page 1, Recitals, par. 1.*

2.      The Note required Allie Vida McCaig to remit monthly payments to the lender on the first day of each month beginning July 1, 2002.  [Exhibit "A," Note, §4].  On June 18, 2003, Allie Vida McCaig died.  Thereafter, Allie Vida McCaig's son, David McCaig, Plaintiff herein, took over payments on the Note.  David McCaig admits that he is not an obligor on the debt and that he is not personally liable for the debt.  *See Exhibit "D," Compromise Settlement and Release of All Claims, page 3, Agreement, Releases and Covenants, par. 2.*  Thereafter, McCaig admits that the Note went into default.  *Id. at page 4, Loan Agreement Debt, par. 1; Exhibit "D," Temporary Forbearance Agreement, page 1, pars. 2 and 3.*

#### B.    FORECLOSURE AND PRIOR LAWSUIT

3.      In 2008, in an attempt to avoid foreclosure, McCaig filed suit against Wells Fargo in 214th Judicial District Court of Nueces County, Texas under Cause No. 08-487-F.  Effective March 30, 2009, McCaig and Wells Fargo entered into a Compromise Settlement and Release of All Claims (the "Settlement Agreement") that allowed McCaig to voluntarily cure the default ($20,735.21)

through a Temporary Forbearance Agreement and Repayment Plan (the "Forbearance Agreement") attached to the Settlement Agreement and incorporated therein for all purposes.  *Id. at page 5, Forbearance Agreement, par. 1 and 2; Exhibit "E," Declaration.*

4.      Pursuant to the Forbearance Agreement, McCaig was to remit thirty-five (35) monthly payments beginning May 30, 2009, and continuing through March 30, 2012.  Payments between May 30, 2009, and February 28, 2010, inclusive, were to be in the sum of $1,647.44.  Payments between March 30, 2010, and March 30, 2012, were to be in the sum of $1,570.32.  If McCaig remitted these sums timely, by March 30, 2012, the Note would be current.

5.      Between May 30, 2009, and March 30, 2012, McCaig remitted payments to Wells Fargo.  Wells Fargo properly applied the funds to the loan.  As of March 30, 2012, the loan was contractually current.

6.      On October 4, 2011, McCaig initiated this lawsuit in Nueces County District Court, asserting numerous claims based on Wells Fargo's alleged failure to (i) recognize Plaintiff as the legal heir of Allie Vida McCaig, (ii) accurately account for timely payments, and (iii) confer or explain their actions.  In his Original Petition, Plaintiff asserts unsubstantiated causes of action against Wells Fargo for (i) violations of Texas' Fair Debt Collection Act ("TDCA"); (ii) breach of contract; (iii) violations of Texas' Deceptive Trade Practices Act ("DTPA"), (iv) breach of fiduciary duty, and (v) unjust enrichment.  *See Sections IV through VII of Plaintiff's Original Petition.* Plaintiff prays for unspecified monetary damages together with costs and attorneys' fees.  *See the Prayer of Plaintiff's Original Petition.*

2

7.    On October 31, 2012, Wells Fargo answered and removed the matter to this Court. Wells Fargo now seeks summary judgment as to all claims and causes of action asserted against it by Plaintiff.

## II.
### SUMMARY JUDGMENT EVIDENCE

13.    In support of its Motion for Summary Judgment, Wells Fargo attaches Exhibits "A" through "F," inclusive, and incorporates all of them into this Motion by reference:

A.    Fixed Rate Note;

B.    Deed of Trust;

C.    Compromise Settlement Agreement and Release of All Claims;

D.    Temporary Forbearance Agreement;

E.    Declaration of Wells Fargo Bank, N.A. in Support of Motion for Summary Judgment; and

F.    Affidavit of George A. Kurisky, Jr. in support of Wells Fargo's Attorneys' Fees and Costs Incurred in this Litigation.

14.    Wells Fargo respectfully refers the Court to the attached exhibits and incorporates them herein by reference.

## III.
### STANDARD OF REVIEW

### A.    SUMMARY JUDGMENT

15.    Summary judgment is proper in any case where there is no genuine issue of material fact.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

3

"Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50.

16.     A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (i) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (ii) showing there is no evidence to support an essential element of plaintiff's claim. *Celotex Corp.,* 477 U.S. at 322-25, 106 S. Ct. at 2552-54.

17.     A defendant can prevail on a summary judgment if it can disprove as a matter of law at least one element of Plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). When the defendant moves for a summary judgment on Plaintiff's cause of action, Defendants assume the burden of showing as a matter of law that the plaintiff has no cause of action against them. *Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 793 (Tex. App.-Beaumont 1988, writ denied).

18.     There are no genuine issues of material fact. Wells Fargo is entitled to judgment as a matter of law in this case because Wells Fargo can disprove the elements of Plaintiff's claims and causes of action.

### B.     MOTION TO DISMISS

19.     Plaintiff further fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) admits the facts alleged in the complaint but challenges Plaintiff's right to any relief based on those facts. *Crowe v.* Henry, 43 F.3d

198, 203 (5th Cir. 1995).  For purposes of a motion to dismiss pursuant to FRCP 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).  <u>A defendant may raise a 12(b)(6) defense at any time up to and including, but not beyond, trial on the merits</u>.  FRCP 12(h); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).

20.     A Motion to Dismiss pursuant to 12(b)(6) is appropriate only if a plaintiff has not provided fair notice of his claims and factual allegations that, when accepted as true, are plausible and rise above mere speculation.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007).

21.     Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion.  *Id.*; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

22.     "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft* at 1949.

23.     Facts subject to judicial notice may be considered for the purposes of a Rule 12(b)(6) motion.  *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir. 1987).

**IV.**
**ARGUMENTS AND AUTHORITIES**

24.     Summary judgment is proper in this case because there is no genuine issue of material fact.  Dismissal is proper in this case because Plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

A.   **WELLS FARGO DID NOT BREACH ITS CONTRACT WITH PLAINTIFF BECAUSE PLAINTIFF DID NOT HAVE A CONTRACT WITH WELLS FARGO.**

25.     In order to prevail on their claim for breach of contract, Plaintiff must prove (i) the existence of a valid contract, (ii) performance or tendered performance by Plaintiff, (iii) breach of the contract by Defendant, and (iv) damages sustained as a result of the breach. *Winchek v. American Express Travel Related Servs. Co.,* 232 S.W.3d 197, 202 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

26.     Plaintiff, David McCaig, is not a party to the Note or Deed of Trust. David McCaig admits that he is not an obligor on the debt. *See Exhibit "C," Compromise Settlement Agreement and Release of All Claims, page 3, par. 3, Loan Agreement.* Plaintiff does not have standing to pursue a breach of contract cause of action against Wells Fargo. Even if David McCaig did have standing, which he does not, Wells Fargo has not breached any contract. Plaintiff voluntarily remitted forbearance payments to Wells Fargo. Wells Fargo forbeared from foreclosing. Wells Fargo accepted and applied the payments. The loan is current.

27.     Plaintiff's breach of contract cause of action is not adequately, specifically, or properly pleaded. Plaintiff's Original Petition should give Wells Fargo fair notice of the essence of Plaintiff's claim. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). In this instance, Plaintiff's Original Petition fails to do so and instead simply makes conclusory allegations and alleges unsupported facts. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

6

28.     Plaintiff does not state a claim for breach of contract upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  All Plaintiff does is set out unsubstantiated, boilerplate allegations on pages 5 and 6 of his Original Petition in points V(1) through V(9) that are not even applicable to this litigation.  Plaintiff admits that the loan is current. *See Plaintiff's Original Petition, page 3, last sentence before Section IV*.  Wells Fargo does not dispute that the loan is current.  Wells Fargo properly applied the payments to the loan.

29.     Plaintiff has not produced any evidence to remotely suggest that Wells Fargo has charged any additional fees and costs to Allie Vida McCaig's loan.  Plaintiff has not produced any evidence to remotely suggest that Wells Fargo accelerated the indebtedness.  In fact, the opposite is true.  Wells Fargo has continued to accept and apply payments to the loan, and the loan is contractually current.

30.     Plaintiff has not produced any evidence to remotely suggest that Wells Fargo did not allow Plaintiff to reinstate the mortgage.  Again, the opposite is true.  Effective March 30, 2009, Wells Fargo graciously entered into the Compromise Settlement Agreement and Release of All Claims with Plaintiff that allowed Plaintiff to cure the default over a period of thirty-five (35) months when Plaintiff is not even the borrower.

31.     Wells Fargo has no basis to release its lien because the mortgage has never been paid in full.  Any allegation that Wells Fargo should have released its lien is improper and misplaced.

32.     The boilerplate allegations set forth by Plaintiff fail to support a claim for breach of contract.

33.     Plaintiff remitted voluntary payments.  Wells Fargo accepted and applied the payments.  Allie Vida McCaig's loan is current.  The loan is not in foreclosure.  Plaintiff and

presumably other occupants continue to reside in and enjoy the benefits of the Property.  Plaintiff further fails to allege legally how he or Allie Vida McCaig's Estate has been damaged as a result of the alleged breach of contract.

34.     Evidence of injury or damage to the plaintiff is an essential element of fraud, violation of the DTPA, and breach of contract.  *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858 (Tex. App.-Dallas 2005).  Plaintiff presents no evidence that he has incurred or is entitled to recover any monetary damages and/or attorneys' fees and costs.

35.     Plaintiff's breach of contract claim fails as a matter of law.  Summary judgment is proper to dispose of Plaintiff's breach of contract cause of action.  Alternatively, Plaintiff's breach of contract claim should be dismissed with prejudice.

**B.     PLAINTIFF DOES NOT STATE A CLAIM FOR VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION ACT ("TDCA").**

**a.     David McCaig and the Estate of Allie Vida McCaig are not "consumers" under the TDCA.**

36.     The TDCA defines "consumer" as "an individual who has a consumer debt."  Tex. Fin. Code §392.001(1).  The TDCA defines "consumer debt" as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes arising from a transaction or alleged transaction."  Tex. Fin. Code §392.001(1).

37.     David McCaig appears to loosely allege that Wells Fargo sought to collect the debt from him.  Plaintiff does not have any credible evidence remotely suggesting that Wells Fargo sought to collect the debt from David McCaig.  David McCaig was never an obligor on the debt, and in the Settlement Agreement (Exhibit "C"), both David McCaig and Wells Fargo acknowledge same.  For all intents and purposes, David McCaig has remitted and continues to remit voluntary payments, and

8

Wells Fargo has accepted those voluntary payments.  David McCaig has never suffered any damage to his credit as a result of this mortgage because this mortgage was not in David McCaig's name. The mortgage debt has never appeared on his credit report because David McCaig is not the obligor on the debt.  (His deceased mother was.)  Any allegation to the contrary is absurd, uninformed, and misplaced.

38.     David McCaig appears to further loosely allege that the Estate of Allie Vida McCaig has a claim against Wells Fargo under the TDCA.  This is certainly not the case because the Estate of Allie Vida McCaig is <u>not</u> a "consumer" as defined under the TDCA.  Tex. Fin. Code §392.001(1). The Texas Finance Code is clear that only <u>an individual</u> can be a consumer under the TDCA.  *Id.*  An "Estate" is not an individual under Tex. Fin. Code §392.001(1).  *Id.*  The causes of action alleged by Plaintiff in this litigation arose long after Allie Vida McCaig's death in 2003.  Plaintiff's claims allegedly arose between 2009 and present, and they are not claims that Allie Vida McCaig would have had while she was living.

39.     Plaintiff's TDCA cause of action fails on its face because neither David McCaig individually nor the Estate of Allie Vida McCaig are "consumers" under the TDCA.

40.     Plaintiff further alleges that Wells Fargo violated Tex. Fin. Code §392.302.  In fact, Plaintiff's allegations do not constitute a violation of §392.302.

41.     Section 392.302 states:

"In debt collection, a debt collector may not oppress, harass, or abuse a person by:

(1) using profane or obscene language or language intended to abuse unreasonably the hearer or reader;

(2) placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number;

9

(3) causing a person to incur a long distance telephone toll, telegram fee, or other charge by a medium of communication without first disclosing the name of the person making the communication; or

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42.     Plaintiff does not have not any evidence to suggest that any of Wells Fargo's actions were intentional.  Plaintiff does not allege that Wells Fargo used profane or obscene language. Plaintiff does not allege that Wells Fargo did not disclose their names.  Plaintiff does not allege that Wells Fargo caused the telephone to ring repeatedly.  Despite Plaintiff's allegations, §392.302 is not applicable to this litigation.

43.     Plaintiff's allegations in Section IV of his Original Petition are nothing more than conclusory, unsubstantiated allegations that are not supported by any substantive evidence.  In this case, the discovery has passed.  Plaintiff does not set forth any concrete, credible evidence that suggests that Wells Fargo violated Tex. Fin. Code §392.302.

44.     Plaintiff alleges that Wells Fargo violated Tex. Fin. Code §393.304.  However, Chapter 393 does not apply to banks such as Wells Fargo Bank, N.A. because Chapter 304 specifically does not apply, among other things, to "a bank or savings association the deposits of which are eligible to be insured by the Federal Deposit Insurance Corporation ['FDIC'] or a subsidiary of the bank or association."  Wells Fargo is clearly a national banking association that is eligible to be insured by the FDIC, and the Court may take judicial notice of same. Fed. R. Evid. §902(5); *see also* Exhibit "E," Declaration, paragraph 9.

10

45.     Further, for the purposes of Chapter 393 of the Texas Finance Code, Plaintiff does not qualify as a consumer under Tex. Fin. Code §393.001.  *See* Tex. Fin. Code §393.001(1) and (2) and 393.002.

46.     Under Tex. Fin. Code §393.001(1), "consumer" is defined as "an individual who is solicited to purchase the services of a credit services organization."  Under Tex. Fin. Code, 393.001(2), a "credit services organization" is a:

> "person who provides, or represents that the person can or will provide, for the payment of valuable consideration any of the following services with respect to the extension of consumer credit by others:
>
> (A)     improving a consumer's credit history or rating;
> (B)     obtaining an extension of consumer credit for a consumer; or
> (C)     providing advice or assistance to a consumer with regard to Paragraph (A) or (B)."

47.     Plaintiff does not have any credible evidence that he sought an extension of consumer credit from Wells Fargo.  To the contrary, the evidence proves Plaintiff, David McCaig, despite remitting voluntary payments to Wells Fargo, pursuant to the Settlement Agreement (Exhibit "C"), David McCaig was never personally liable on the debt to Wells Fargo, and Wells Fargo could not seek to collect a debt from him.

48.     Neither David McCaig nor the Estate of Allie Vida McCaig are "consumers" under the TDCA.  Chapter 393 is not applicable to Wells Fargo.  Summary judgment on Plaintiff's TDCA claims is proper.  Alternatively, dismissal of Plaintiff's TDCA claim pursuant to Fed. R. Civ. P. 12(b)(6) is proper.  If this Court dismisses Plaintiff's TDCA cause of action, Wells Fargo requests that dismissal be with prejudice.

11

**b.**     **Plaintiff's TDCA cause of action is not properly pleaded.**

49.     Plaintiff alleges that Wells Fargo violated various provisions of the Texas Fair Debt Collection Act ("TDCA") contained in the Texas Finance Code.  However, Plaintiff's TDCA cause of action is not adequately, specifically, or properly pleaded.  Plaintiff does not properly cite code sections from the Texas Finance Code, and Wells Fargo cannot be required to guess what code sections under which Plaintiff sues.  In other words, the various Texas Finance Code sections cited by Plaintiff are do not state what Plaintiff says they state.

50.     Plaintiff's Original Petition should give Wells Fargo fair notice of the essence of Plaintiff's claim.  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  In this instance, Plaintiff's Original Petition fails to do so and instead simply makes vague, conclusory, boilerplate allegations and alleges unsupported facts.  All Plaintiff does is cite the Texas Finance Code and improperly quote the text of those sections.  Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

51.     Plaintiff has not produced any concrete, credible evidence that Wells Fargo violated the TDCA.  Plaintiff has not produced any credible evidence that he has sustained <u>any</u> damages.  Actual damages are the total loss sustained by the consumer.  Tex. Fin. Code Ann. §392.403.  Wells Fargo agrees with Plaintiff that the loan is now current.  The loan is not in foreclosure.  However, the loan was not <u>completely</u> current until March, 2012, when the Forbearance Agreement (Exhibit "D") expired.

52.     In *Blanche v. First Nationwide Mortg. Corp.*, First Nationwide did not engage in unfair debt collection practices under the Texas Debt Collection Practices Act or Federal Fair Debt Collection Practices Act arising out of First Nationwide's alleged negligent handling of Blanche's loan.  Blanche produced no evidence of any efforts by First Nationwide to collect on the debt other than through the eventual foreclosure of the Property.  There was no evidence suggesting that First Nationwide engaged in an unfair or prohibited debt collection practice.  74 S.W.3d 444, 453-54 (Tex. App.-Dallas 2002, no pet.).

53.     Similarly, Plaintiff in this case does not have any credible evidence remotely suggesting that Wells Fargo sought to collect on the debt other than under state law and the loan documents themselves.  Plaintiff alleges that Wells Fargo threatened to take action to foreclose.  The loan was in default under the terms of the Note and Deed of Trust until March, 2012.  Wells Fargo never accelerated the indebtedness, and Wells Fargo certainly never foreclosed.

54.     Plaintiff does not properly allege a cause of action under the TDCA.  Summary judgment on Plaintiff's TDCA claims is proper.  Alternatively, dismissal of Plaintiff's TDCA claim pursuant to Fed. R. Civ. P. 12(b)(6) is proper.  If this Court dismisses Plaintiff's TDCA cause of action, Wells Fargo requests that dismissal be with prejudice.

**C.     PLAINTIFF'S DTPA CLAIM FAILS AS A MATTER OF LAW BECAUSE NEITHER DAVID MCCAIG NOR THE ESTATE OF ALLIE VIDA MCCAIG ARE CONSUMERS UNDER THE DTPA.**

55.     To prevail on his DTPA claim, Plaintiff must prove the following essential elements: (i) Plaintiff is a consumer; (ii) Defendant either engaged in false, misleading or deceptive acts (*i.e.*, violated a specific laundry-list provision of the DTPA) or engaged in an unconscionable action or course of action; and (iii) the DTPA laundry-list violation or unconscionable action was a producing

13

cause of Plaintiff's injury.  *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995).  Plaintiff's DTPA claim fails because Plaintiff is not a consumer under the DTPA.

56.    Plaintiff must establish that he is a "consumer" in order to recover under the DTPA. Tex. Bus. & Com. Code §17.50(a); *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).  A person qualifies as a consumer under the DTPA by meeting two requirements.  *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.-Fort Worth 2007, pet. denied); *Brown v. Bank of Galveston, N.A.*, 930 S.W.2d 140, 143 (Tex. App.-Houston [14th Dist.] 1996), aff'd 930 S.W.2d 140 (Tex. 1998).  "First, the individual must seek or acquire goods or services by purchase or lease." *Id*. (*citing* Tex. Bus. & Com. Code §17.45(4)).  "Second, the goods or services acquired must form the basis of the party's complaint."  *Id*. (*citing Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351–52 (Tex. 1987)).

> a.    **David McCaig and the Estate of Allie Vida McCaig are not "consumers" under the DTPA.**

57.    Plaintiff's claims against Wells Fargo arose long after the death of Allie Vida McCaig, the original borrower.  Plaintiff brings his claims against Wells Fargo both individually and as representative of the Estate of Allie Vida McCaig.

58.    It is against public policy to confer "consumer" status on estate beneficiaries. *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 408-9 (Tex. App.-Houston [14th Dist.] 1997, writ dism'd by agr.).  In this case, David McCaig, an admitted beneficiary of the Estate of Allie Vida McCaig, is not a consumer under Texas law.  *Id.*

14

59.     In *Vinson & Elkins*, the 14th District Court of Appeals found that beneficiaries of the

Estate of W.T. Moran were <u>not</u> consumers under the Texas DTPA and found great danger in a rule

that would confer consumer status on estate beneficiaries.  *Id*.

> "The state's interest in the prompt settlement of a decedent's affairs and in
> the finality of judgments distributing estates can constitute a sufficient basis
> for barring claims even though those claims may be meritorious.  *Turner v.*
> *Nesby*, 848 S.W.2d 872, 877 (Tex.App.-Austin 1993, no writ).  If consumer
> status were conferred on estate beneficiaries, the existence of minor
> beneficiaries, residual beneficiaries, or others similarly situated could extend
> the period of time in which an action could be brought against attorneys hired
> by the executors for years after the representation ended and the estate was
> closed.  We find the public interest in the finality of probate proceedings
> includes actions against attorneys who represent executors in the
> administration of the estate.  A suit against an attorney would necessarily
> involve revisiting the original administration of the estate, and might very
> well affect the original distributions.  Thus, public policy weighs against
> conferring consumer status on estate beneficiaries." *Id.*

60.     Similarly, David McCaig cannot be a "consumer" under the DTPA.  Further, David

McCaig, individually, is not a consumer under the DTPA because David McCaig did <u>not</u> seek or

acquire goods or services by purchase or lease.  Tex. Bus. & Com. Code §17.45(4).  His deceased

mother did.  David McCaig is not an obligor on the debt, and the Settlement Agreement (Exhibit

"C") memorialized that David McCaig is not liable for the debt.

61.     Likewise, The Estate of Allie Vida McCaig cannot be a consumer under the DTPA.

"Consumer" under the DTPA is defined as an "individual, partnership, corporation, this state, or a

subdivision or agency of this state who seeks or acquires by purchase or lease, any good or

services…"  By its definition, the term "consumer" does not include an Estate.  Specifically, the

claims and causes of action that David McCaig brings against Wells Fargo arose long after Allie

Vida McCaig died.  David McCaig's claims are not claims that he is bringing in the name of his

15

deceased mother.  His claims are claims that he brings in the name of Allie Vida McCaig's Estate.

Clearly, Allie Vida McCaig's Estate is not a "consumer" under the DTPA.

### b.  Borrowing money does not convey consumer status on an individual.

62.    "A person who seeks only to borrow money is not a consumer under the DTPA

because money is not a good or service."  *Riverside Nat'l Bank v.* Lewis, 603 S.W.2d 169, 173-76

(Tex. 1980); *Brown v. Bank of Galveston*, 930 S.W.2d at 143.  *See also Maginn v. Norwest Mortg.,*

*Inc.*, 919 S.W.2d 164, 166 (Tex. App.-Austin 1996, no writ) ("For the purposes of the DTPA, a loan

is not a good or service."); *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, *3 (N.D. Tex.

2010) ("A party who borrows money may not satisfy the first requirement for consumer status under

the DTPA because money is not a good or service.").

63.    "An activity related to a loan transaction is a "service" for DTPA purposes only if the

activity at issue is, from the plaintiff's point of view, an objective of the transaction, not merely

incidental to it."  *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 801 (Tex. App.-Tyler 1999, no pet.)

(*citing FDIC v. Munn*, 804 F. 2d 860, 865 (5th Cir. 1986)).

64.    In the recent Southern District of Texas case of *Emery v. Wachovia Bank, N.A.*,

involving the foreclosure of the Emerys' home, the court found that the cause of action under the

DTPA failed as a matter of law.  *Emery v. Wachovia Bank, N.A.*, Civil Action No. H-10-cv-2213,

*29-30 (S. D. Tex. December 21, 2011).

65.     In *Emery*, Emery argued that their real property qualified as a good, but they were

actually complaining about the lender's failure to extend additional credit by modifying the

mortgage.  *Id.* at 32.  The Emerys did not complain about a defect with their home, and they did not

complain that they were denied a home for which they borrowed money to purchase.  *Id.*  Emery

16

already owned the home when the acts complained of occurred. *Id.* The court found, as a matter of law, that the home itself did not form the basis of the Complaint. Emery's DTPA claim was subject to dismissal because the Emerys did not qualify as consumers under the DTPA. *Id.*; *Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992).

66.     In the present case, Plaintiff is the heir to the estate of the borrower, Allie Vida McCaig. Allie Vida McCaig obtained a loan to purchase the Property, but the Property is not the basis of their complaint. Rather, Plaintiff's complaint, both individually and as representative of the Estate of Allie Vida McCaig, is that Wells Fargo was did unconscionable actions, was irresponsible, and took advantage of Plaintiff. Such does not establish consumer status under the DTPA because the actions complained of are merely incidental to the loan agreement under which Allie Vida McCaig purchased the Property.

67.     Plaintiff is not a "consumer" under the DTPA. The Estate of Allie Vida McCaig is not a "consumer" under the DTPA. Plaintiff's DTPA claim fails as a matter of law. Plaintiff's DTPA claim should be dismissed with prejudice.

### c.     Plaintiff did not seek or acquire goods or services by purchase or lease.

68.     Plaintiff, David McCaig never sought to acquire goods or services by purchase or lease. David McCaig is not even an obligor on the debt. David McCaig has never sought to acquire goods or services. Plaintiff's DTPA claim fails as a matter of law. Plaintiff's DTPA claim should be dismissed with prejudice.

### d.     Plaintiff's DTPA cause of action is not properly pleaded.

69.     Plaintiff's DTPA cause of action is not adequately, specifically, or properly pleaded. Plaintiff's Original Petition should give Wells Fargo fair notice of the essence of Plaintiff's claim.

17

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). In this instance, Plaintiff's Original Petition fails to do so and instead simply makes conclusory allegations and alleges unsupported facts. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

70.     Plaintiff does not state a claim under the DTPA upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). All Plaintiff does is set out unsubstantiated, boilerplate laundry list allegations on pages 6 and 7 of his Original Petition in points VI(a) through VI(f) that are not even applicable to this litigation. Plaintiff admits that the loan is current. *See Plaintiff's Original Petition, page 6, last sentence before Section VI.* Wells Fargo does not dispute that the loan is current. Wells Fargo properly applied the payments to the loan.

71.     The boilerplate allegations set forth by Plaintiff fail to support a claim under the DTPA because Plaintiff does not state how he qualifies as consumers under the DTPA. Plaintiff does not and cannot show that he qualifies as a consumer as defined under the DTPA. The discovery deadline has passed.

72.     Plaintiff remitted voluntary payments. Wells Fargo accepted and applied the payments. Allie Vida McCaig's loan is current. The loan is not in foreclosure. Plaintiff further fails to allege legally how he has been damaged as a result of the alleged violation of the DTPA.

73.     Evidence of injury or damage to the plaintiff is an essential element of fraud, violation of the DTPA, and breach of contract. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858 (Tex. App.-

18

Dallas 2005).  Plaintiff presents no evidence that he is entitled to recover any monetary damages and/or attorneys' fees and costs.

74.     Plaintiff's DTPA claim fails as a matter of law.  Plaintiff's DTPA claim should be dismissed with prejudice.

### D.     PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY FAILS AS A MATTER OF LAW BECAUSE A FIDUCIARY RELATIONSHIP DOES NOT EXIST BETWEEN WELLS FARGO AND PLAINTIFF.

75.     Plaintiff improperly alleges that Wells Fargo breached its "fiduciary duty" to Plaintiff by failing to properly account and apply funds.  (*See* Plaintiff's Original Petition, page 7, Section VI.)  Plaintiff's breach of fiduciary duty claim fails as a matter of law because a fiduciary relationship does not exist between a mortgagee (Wells Fargo) and a borrower (Allie Vida McCaig). *Manufacturers' Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610 (Tex. App.-Houston [1st Dist.] 1991, no writ); *Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007).  If a fiduciary relationship does not exist between a mortgagee and a borrower, a fiduciary relationship certainly does not exist between a mortgagee and the heirs of a borrower.  *Id.*

76.     A plaintiff must establish three elements to prevail on a breach of "fiduciary duty" cause of action: (i) the existence of a fiduciary relationship between the plaintiff and defendant; (ii) a breach by the defendant of his fiduciary duty to the plaintiff; and (iii) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach.  *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

77.     Texas law does not recognize a fiduciary relationship between a mortgage lender and a borrower.  *Manufacturers' Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610

19

(Tex. App.-Houston [1st Dist.] 1991, no writ) ("It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship."); *Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010) ("Texas law does not recognize a fiduciary relationship between a borrower and a lender."); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) ("Texas courts have held that the relationship between a borrower and lender is not a fiduciary one.").

78.     A fiduciary relationship does not exist between Wells Fargo and Plaintiff <u>as a matter of law</u>.  Summary judgment is proper to dispose of Plaintiff's breach of fiduciary duty cause of action.

### E.     PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT FAILS AS A MATTER OF LAW BECAUSE WELLS FARGO HAS NOT OBTAINED A BENEFIT FROM PLAINTIFF AS A RESULT OF FRAUD, DURESS, AND TAKING AN UNDUE ADVANTAGE OF PLAINTIFF.

79.     A party may recover under a theory of unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.  *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).  Unjust enrichment is an equitable claim with its relief in equity.  *Afri-Carib Ent., Inc. v. Mabon, Ltd.*, 287 S.W.3d 217, 222 (Tex. App.-Houston [14th Dist.] 2009, pet. denied).  For a party to receive equity, the party must "do" equity.  *Id*.

80.     Plaintiff has no evidence that Wells Fargo obtained a benefit from Plaintiff as a result of fraud.  Plaintiff has no evidence that Wells Fargo obtained a benefit from Plaintiff as a result of duress.  Plaintiff has no evidence that Wells Fargo obtained a benefit from Plaintiff as a result of taking an undue advantage of Plaintiff.  Wells Fargo has never demanded or collected funds that

were not owed or were not required to be paid.  In fact, the loan was considered in default until

March, 2012, when Plaintiff voluntarily remitted the final payment under the Forbearance Agreement

(Exhibit "D").  In order to continue enjoying the benefits of the Property, Plaintiff voluntarily

remitted payments, and Wells Fargo applied payments pursuant to the Settlement Agreement

(Exhibit "C") and Forbearance Agreement (Exhibit "D").

81.     Plaintiff's unjust enrichment cause of action is not adequately, specifically, or

properly pleaded.  Plaintiff's Original Petition should give Wells Fargo fair notice of the essence of

Plaintiff's claim.  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  In this instance,

Plaintiff's Original Petition fails to do so and instead simply makes conclusory allegations and

alleges unsupported facts.  Conclusory allegations of law, inferences unsupported by facts, or a

formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion.  *Ashcroft v.

Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6

(2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

82.     Plaintiff does not state a claim for unjust enrichment upon which relief can be

granted.  *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

83.     The facts set forth by Plaintiff fail to support an unjust enrichment claim because

Plaintiff does not set forth how Wells Fargo obtained a benefit from Plaintiff as a result of fraud,

duress, taking an undue advantage of Plaintiff.  In fact, the opposite is true.  Plaintiff continues to

reside in and enjoy the benefits of the Property.  In 2008, Plaintiff sued Wells Fargo.  To resolve the

litigation, Wells Fargo and Plaintiff entered into the Compromise Settlement Agreement and Release

of All Claims (Exhibit "C").  Plaintiff was represented by counsel in negotiating the Settlement

Agreement.  Plaintiff acknowledged that he entered into the Settlement Agreement by his own free will.  *See Exhibit "C," page 11.*

84.     The discovery deadline has passed.  Plaintiff fails to allege legally how he has been damaged as a result of the alleged unjust enrichment.

85.     The evidence does not support Plaintiff's cause of action for unjust enrichment. Summary judgment is proper to dispose of Plaintiff's unjust enrichment cause of action.

## F.     PLAINTIFF'S CLAIM FOR MONEY HAD AND RECEIVED FAILS AS A MATTER OF LAW BECAUSE WELLS FARGO DOES NOT HOLD MONEY THAT, IN EQUITY AND GOOD CONSCIENCE, BELONGS TO PLAINTIFF.

86.     The elements of the cause of action money had and received are: (i) the defendant holds money and (ii) in equity and good conscience, the money belongs to the plaintiff.  *Edwards v. Mid-Continent Office Distribs.,* 252 S.W.3d 833, 837 (Tex. App.-Dallas 2008, pet denied).  "The claim for money had and received seeks equitable relief."  *Id.* at 836.  The claim seeks to prevent unconscionable loss to the payor and unjust enrichment to the payee.  *Id.* at 837.

87.     The sole inquiry is whether the defendant received money that rightfully belongs to the plaintiff.  *Evertt v. TK-Taito, L.L.C.,* 178 S.W.3d 844, 860 (Tex. App.-Fort Worth 2005, no pet.). Plaintiff cannot recover merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss.  *Austin v. Duval,* 735 S.W. 647, 649 (Tex. App.-Austin, 1987, writ denied) (quoting 58 C.J.S. Money Received §41 (1948).

88.     Equity does not support Plaintiff recovering any sums in this case.  Plaintiff voluntarily remitted funds to Wells Fargo in order to pay the mortgage debt in his mother's name pursuant to a Settlement Agreement into which Plaintiff voluntarily entered.  The Note was admittedly in default.  Wells Fargo forbeared from rightfully foreclosing on the Property pursuant to

22

the Settlement Agreement and permitted a non-obligor to voluntarily cure the default. Plaintiff, his spouse, and other occupants have continued to reside in and enjoy the benefits of the Property while Wells Fargo forbeared from foreclosing and allowed Plaintiff to cure the default.

89.    Because the sole inquiry is whether the Wells Fargo received money that rightfully belongs to Plaintiff, Plaintiff's claim for money had and received fails because Plaintiff voluntarily remitted and Wells Fargo accepted funds pursuant to the Settlement Agreement (Exhibit "C") and Forbearance Agreement (Exhibit "D"). *Evertt* at 860. Plaintiff cannot now seek return of those while at the same time continue residing in and enjoying the benefits of the Property for over three (3) years during which the time the loan was in default. *Id*. Equity favors Wells Fargo. The evidence does not support Plaintiff's cause of action for money had and received. Summary judgment is proper to dispose of Plaintiff's unjust money had and received cause of action.

**V.**
**REQUEST FOR ATTORNEYS' FEES AND COSTS**

90.    The Deed of Trust provides that the Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs. Exhibit "B," Deed of Trust, §7. The Deed of Trust further provides that expenses, including attorneys' fees, incurred by Defendants in protecting their rights in the Property and/or under the Deed of Trust become additional debt of the Borrower. *Id*. The Deed of Trust thus allows the lender to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit.

91.    As set forth in the Affidavit of Defendants' counsel attached hereto as Exhibit "F," Defendants have incurred attorneys' fees and costs in the amount of $26,500.00 in defending this

lawsuit.  For the reasons set forth in the Affidavit, these attorneys' fees and costs are both reasonable and necessary, and Defendant hereby requests reimbursement of these attorneys' fees and costs from Plaintiff.

## VI.
### CONCLUSION AND RELIEF REQUESTED

92.     Based upon the foregoing, Plaintiff has failed to state any claims upon which this Court may grant relief against Defendant.  Accordingly, the Court should grant summary judgment and/or dismiss each of Plaintiff's claims with prejudice pursuant to FRCP 12(b)(6) as requested herein and award Defendant its reasonable attorneys' fees and costs incurred in its defense.

## VII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court (i) grant Defendant's Motion for Summary Judgment and Motion to Dismiss Pursuant to FRCP 12(b)(6) with prejudice, (ii) award Defendant its attorneys' fees and costs as set forth herein, and (iii) grant for such further relief at law, and in equity, as is just.

Respectfully submitted,

By:   _//s// George A. Kurisky, Jr._
George A. Kurisky, Jr.
TBA No. 11767700

**OF COUNSEL:**
**JOHNSON DELUCA KURISKY & GOULD, P.C.**
Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone / (713) 652-5130 – Facsimile
**ATTORNEYS FOR DEFENDANT, WELLS FARGO BANK N.A.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Summary Judgment and Motion to Dismiss was sent to counsel for Plaintiff by facsimile and electronic service by the Court's CM/ECF system if he has consented thereto on this the 2nd day of July, 2012, as follows:

***Via facsimile (979) 922-8857***
SAVANNAH ROBINSON
1822 MAIN
DANBURY, TEXAS 77534

 //s// George A. Kurisky, Jr.
George A. Kurisky, Jr.