UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MCCAIG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-351 |
| | § | |
| WELLS FARGO BANK (TEXAS), N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is "Wells Fargo's Motion to Show Authority and to Show Cause." D.E. 22. Plaintiff has timely filed his Response. D.E. 26. According to the Motion, there was no administration of the estate of the Decedent, Allie Vida McCaig and no issuance of letters of administration. Therefore, Defendant Wells Fargo argues that Plaintiff, David McCaig, cannot sue as "Representative of the Estate of Allie Vida McCaig, Deceased." As a consequence, Wells Fargo seeks dismissal of the estate-related claims, as well as attorney's fees and costs. For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

It is undisputed that Allie Vida McCaig died on June 18, 2003, leaving her children as her only two heirs at law: David McCaig and his sister Winora McCaig. The two heirs agreed to the disposition of the estate and no administration was thus necessary. There is no indication that the Decedent had any debt other than the one made the subject of this suit. The heirs did not apply for letters of administration and the time for administration has passed. Tex. Probate Code §§ 73, 74 (application for letters of

administration must be filed within four years of the death).  At issue in this case is real estate located at 4626 Quincy Drive, Corpus Christi, Texas (the Property), and the indebtedness secured by that Property.  Pursuant to Tex. Probate Code § 37, the Property of the Decedent automatically vested in David McCaig, subject to the mortgage loan.

As an heir to the Property, McCaig can be sued on the debt (to the extent of the Property's value) in his own name and likewise is empowered to sue and defend with respect to the rights and remedies previously accruing to the Decedent, which vested in McCaig along with the Property.  *See generally, Pitner v. United States*, 388 F.2d 651 (5th Cir. 1967); *Casillas v. Cano*, 79 S.W.3d 587, 590 (Tex. App.–Corpus Christi 2002, no pet.).  Under these circumstances, Plaintiff McCaig does not act as representative of the estate because there is no estate.  All of the Decedent's property vested by operation of law in her heirs at the time of her death.

Because of the law favoring informal administration of estates, there is no requirement that a formal administration be filed simply for an heir to obtain a remedy that was previously held by the Decedent.  Tex. Probate Code § 178(b); *Pitner, supra*.  Instead, the heir may enforce the remedy as the Decedent's heir rather than as representative of the estate.  *Casillas, supra*.  Otherwise, without formal administration, a decedent's creditor would continue to have rights against the heir without the heir having corresponding rights against the creditor.

Thus, while Plaintiff does not have capacity as "Representative of the Estate," he does have capacity to bring the claims previously owned by Allie Vida McCaig as her "Heir at Law."  Where such a change in designation of a party is required, the claim of

the newly designated party relates back to the original filing. *See generally, Flores v. Cameron County*, 92 F.3d 258, 272 (5th Cir. 1996); *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005). *See also, Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3rd Cir. 2000) (unless amendment would be futile, federal courts must permit an amendment to cure a complaint regarding capacity).

For these reasons, the Court GRANTS the Motion (D.E. 22) insofar as it challenges the Plaintiff, David McCaig's capacity as "Representative of the Estate of Allie Vida McCaig, Deceased." The Court DENIES the Motion (D.E. 22) insofar as it seeks dismissal of the claims and attorney's fees and costs. The Court ORDERS the Plaintiff to amend his complaint on or before August 31, 2012 to remove any reference to his capacity as "Representative of the Estate of Allie Vida McCaig, Deceased." The Court GRANTS LEAVE to amend the complaint to state claims as "Heir at Law of Allie Vida McCaig, Deceased" on or before August 31, 2012. In the event that Plaintiff fails to so amend, Defendant may re-file its motion to dismiss.

ORDERED this 15th day of August, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE