UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID MCCAIG, INDIVIDUALLY AND AS THE HEIR AT LAW OF ALLIE VIDA MCCAIG AND MARILYN MCCAIG, <br><br>     Plaintiffs, <br><br>     v. <br><br> WELLS FARGO BANK (TEXAS), N.A. <br><br>     Defendant | Civil Action No.  2:11-cv-00351 |

**WELLS FARGO BANK N.A.'S MOTION FOR LEAVE TO FILE
MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C)**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant"), pursuant to FED. R. CIV. P. 15, and files this Motion for Leave to file Motion for Judgment on the Pleadings Pursuant to FED. R. CIV. P. 12(c), and in support hereof, would respectfully show the Court as follows:

**I.
INTRODUCTION**

1.     On October 4, 2011, McCaig initiated this lawsuit in Nueces County District Court. On October 31, 2012, Wells Fargo answered and removed the matter to this Court.

2.     On August 20, 2012, this Court granted in part and denied in part Wells Fargo's First Motion for Summary Judgment and Motion to Dismiss. *See Order at Docket No. 36*. The Court found that Allie Vida McCaig's mortgage became current in March, 2012. *See id.* at page 4. This Court (i) granted summary in favor of Wells Fargo on Plaintiffs' causes of action for DTPA violations, breach of fiduciary duty, unjust enrichment, and money had and received; and

(ii) allowed Plaintiffs to replead their causes of action for breach of contract and violations of the Texas Debt Collect Act.

3. On August 24, 2012, Plaintiffs filed their Second Amended Complaint [Docket No. 37]. The two remaining alleged causes of action are (i) breach of contract and (ii) violations of Sections 392.301, 392.303, and 392.304 of the Texas Debt Collection Act.

4. Wells Fargo filed its Second Motion for Summary Judgment and Motion to Dismiss. [Docket No. 57]. The Court denied the second motion and ordered the parties to mediation. [Docket No. 73].

5. On March 5, 2013, Wells Fargo mediated in good faith. Mediation was not successful.

6. Wells Fargo now requests leave to file its Motion for Judgment on the Pleadings Pursuant to Rule 12(c).

## II.
## ARGUMENT

7. Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed - but early enough not to delay trial, a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c).

8. A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). Thus, the inquiry focuses on the allegations in the pleadings and not on whether "the plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

9. Plaintiffs' pleadings are purely conclusory. Plaintiffs fail to allege specific provisions of contracts Plaintiffs claim Wells Fargo breached. Plaintiffs fail to plead facts indicating that Wells Fargo attempted to collect a debt from Plaintiffs, individually. Plaintiffs

fail to plead compensable mental anguish and other damages.  These arguments are properly the subject of Wells Fargo's Rule 12(c) Motion for Judgment on the Pleadings.

10. To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions.  *Argo v. Woods,* 399 Fed. Appx. 1, 2 (5th Cir. 2010).  Once set, the scheduling order may only be modified by leave of court upon a showing of good cause.  *Id. citing* FED. R. CIV. P. 16(b).  The broader language of Rule 12(c), however, appears to conflict with Rule 16 in that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  *Id. citing* FED. R. CIV. P. 12(c).  In resolving this apparent conflict, the *Argo* Court found *Riggins v. Walter*, 279 F.3d 422 (7th Cir.1995), to be instructive:

> Rule 12(c) does not restrict the court's discretion under Rule 16(b).  Just as we have applied Rule 16(b) to a motion pursuant to Rule 56, which states that the motion may be brought "at any time" after certain criteria are met, ...a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial.

*Argo,* 399 Fed. Appx. at 2 *citing Riggins v. Walter,* 279 F.3d 422, 427–28 (7th Cir. 1995).

11. In this case, Wells Fargo did not filed its Rule 12(c) Motion for Judgment on the Pleadings prior to December 14, 2012, the Court's deadline for dispositive motions.  However, good cause exists to allow Wells Fargo to file its motion after the deadline because the Rule 12(c) Motion for Judgment on the Pleadings more narrowly focuses on Plaintiffs' pleadings in this case.  Plaintiffs allege a host of conclusory, unsupported claims that should be dismissed.

12. Wells Fargo mediated this case in good faith as Ordered by the Court.  At mediation, it became remarkably clear that there is a stark contrast in how Plaintiffs and Wells Fargo view and value the claims in this case.

### III.
### CONCLUSION AND PRAYER

13. This case can and should be dismissed on the pleadings. Wells Fargo respectfully requests that the Court grant it leave to file the attached Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).

### IV.
### PRAYER

WHEREFORE, WELLS FARGO BANK, N.A. requests that the Court (i) grant this motion, (ii) file the Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) among the papers of this Cause, and (iii) grant Wells Fargo such other and further relief, both at law or in equity, as is just.

Respectfully submitted,

By: __//s// George A. Kurisky, Jr.__
George A. Kurisky, Jr.
TBA No. 11767700

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR DEFENDANT,
WELLS FARGO BANK N.A.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that Branch M. Sheppard conferred with Savannah Robinson, counsel for the Plaintiffs, via e-mail on March 11, 2013, regarding the filing of and the basis for this Motion. Ms. Robinson will not advise whether this Motion is opposed or unopposed.

   //s// George A. Kurisky, Jr.
George A. Kurisky, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) was sent to counsel for Plaintiff by facsimile and electronic service by the Court's CM/ECF system if he has consented thereto on this the 12th day of March, 2013, as follows:

*<u>Via facsimile (979) 922-8857</u>*
SAVANNAH ROBINSON
1822 MAIN
DANBURY, TEXAS 77534

   //s// George A. Kurisky, Jr.
George A. Kurisky, Jr.