UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DAVID MCCAIG, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:11-CV-00351 |
| § | |
| WELLS FARGO BANK (TEXAS), N.A., § | |
| § | |
| Defendant. § | |

# ORDER

Before the Court is Defendant, "Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings Pursuant to Rule 12(c)" (D.E. 93). This is the Defendant's fifth attempt to summarily terminate this action, arguing that the Plaintiffs do not have standing, do not have causes of action, have not adequately pled their causes of action, or do not have evidence to support their causes of action. D.E. 17, 22, 57, 74, 93. The instant motion, which exceeds the page limits prescribed by the Scheduling Order, D.E. 45, ¶ 7, presents this Court with repetitious arguments regarding breach of contract damages, whether there was a breach of contract, whether the Plaintiffs have adequately specified the contract and provisions breached, whether Defendant sought to collect a debt from Plaintiffs in their individual capacities, whether Plaintiffs are "consumers" under the Texas Debt Collection Practices Act (TDCPA), whether Plaintiffs have adequately pled their TDCPA claims, whether Defendant violated the TDCPA, and a request for Defendants' attorney's fees under breach of contract and TDCPA principles. D.E. 93.

At a hearing held March 19, 2013, this Court granted Defendant's Motion for Leave to File the instant Motion upon Defendant's counsel's representation that this Motion includes one new argument regarding the Plaintiffs' right to recover mental anguish damages (although it admittedly rehashed previously rejected arguments). This new argument requires only five pages of briefing. D.E. 93, pp. 8-12. Instead, the Motion is 29 pages long in substance.

This Court currently has well over 100 motions pending on its docket, of which more than one-third are currently ripe for decision, with more coming ripe as quickly as others are disposed of. Presentation of obviously—and admittedly—repetitious arguments is harassing to the parties in this case and unnecessarily increases the cost of litigation in violation of Fed. R. Civ. P. 11. It is not necessary to the preservation of error and is harmful to the administration of justice by clogging the court's docket with excess work when this Court has already advised the parties of the strain to the Court's workload when presented with requests for needless briefing. D.E. 75.

For these reasons, the Court STRIKES all parts of the Defendant's Motion for Judgment on the Pleadings (D.E. 93) except those addressing the Plaintiffs' claim for mental anguish damages. The Court, mindful of recent discovery disputes in this case as well as this history of repetitious briefing, further INSTRUCTS the parties on both sides of this case that additional unnecessary absorption of judicial resources will not be viewed favorably.

With respect to the Motion before the Court, Defendants seek judgment on the pleadings with respect to the issue of mental anguish damages.

> The standard for dismissal under Rule 12(c) is the same as that for dismissal under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir.2004). To survive a Rule 12(b)(6) motion, the plaintiff must plead facts sufficient "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*In re Deepwater Horizon*, 710 F.3d 338, 343-44 (5th Cir. 2013). Rather than attacking the Plaintiffs' statement of their claims, Defendant's briefing addresses whether the *evidence* is sufficient to support an award of mental anguish damages. Defendant has not met its burden with respect to the standards applicable to the relief sought. The Motion for Judgment on the Pleadings (D.E. 93) is DENIED.

ORDERED this 22nd day of April, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE