UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MCCAIG, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-351 |
| | § | |
| WELLS FARGO BANK (TEXAS), N.A., | § | |
| | § | |
|     Defendant. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment (D.E. 139) in which Plaintiffs seek judgment dismissing the Defendant's counterclaim, by which it seeks recovery under Texas law of its reasonable attorneys' fees, witness fees, costs, fees of experts, and deposition expenses on the basis that "Plaintiff has filed a groundless lawsuit when he has no basis to act on behalf of the Estate of Allie Vida McCaig." D.E. 53, p. 10. For the reasons stated below, the Motion for Summary Judgment is GRANTED.

On July 24, 2012, Defendant filed its Motion to Show Authority and to Show Cause (D.E. 22), complaining that Plaintiff David McCaig did not have standing to pursue this cause of action on behalf of the Estate of Allie Vida McCaig as its representative. By Order of August 15, 2012, this Court refused to eliminate the Plaintiff's causes of action on this basis but ordered Plaintiff to amend to sue as "Heir at Law," in order to properly indicate his capacity, the result of not having sought an administration of the Estate of Allie Vida McCaig, Deceased. D.E. 34.

On August 16, 2012, Plaintiff filed his Amended Complaint complying with the Court's Order. D.E. 35. Thereafter, on October 31, 2012, Defendant filed its First Amended Answer to Plaintiffs' Second Amended Complaint (D.E. 53), including its Counterclaim continuing to maintain that Plaintiff's suit was groundless for the reason that Plaintiff did not have any basis to act on behalf of the Estate of Allie Vida McCaig. Defendant is mistaken if it is treating Plaintiff David McCaig as suing "as Representative of the Estate" rather than as "Heir at Law." Defendant is equally mistaken if it believes that the causes of action asserted by the Plaintiffs did not survive David McCaig's inheritance of the subject property subject to the note that is the basis for the parties' claims. These issues have already been addressed by this Court. D.E. 34.

Defendant removed this case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426–27, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). According to the Fifth Circuit, it appears to be the federal court's prerogative to control its own courtroom by virtue of its rules and inherent powers when it comes to issues of sanctionable conduct based on litigation conduct. *See generally*, *NASCO, Inc. v. Calcasieu Television and Radio, Inc.*, 894 F.2d 696, 706 (5th Cir. 1990) (justifying sanctions under federal inherent power when state law provided no remedy). This is consistent with the conclusion that Rule 11 of the Federal Rules of Civil Procedure addresses sanctions for frivolous claims. Matters

covered by the Federal Rules of Civil Procedure are for most purposes procedural, and therefore should be applied instead of state law. *Gasperini, supra*, 518 U.S. at 428 n. 7.

Due to the aggressive advocacy on both sides of this case and the number of pretrial motions presented and disposed of, the Court is abundantly familiar with all of the parties' claims and defenses. The fact that the Plaintiffs' claims have survived to this date leads to the conclusion that the Court is not of the opinion that the claims are frivolous or groundless in violation of Fed. R. Civ. P. 11(b). The Court does not require a hearing because—absent very unusual circumstances—it does not matter whether an objectively meritorious claim is brought with an undesirable motive. *E.g., National Ass'n of Government Employees, Inc. v. National Federation of Federal Employees*, 844 F.2d 216, 224 (5th Cir. 1988). Nothing in the Defendants' briefing reflects any unusual circumstance that would require a hearing.

Defendant's counterclaim for Plaintiffs' alleged groundless suit is, contrary to *Erie*, based upon Texas law: Tex. Civ. Prac. & Rem. Code Chapter 9 (Frivolous Pleadings and Claims) and Chapter 10 (Sanctions for Frivolous Pleadings & Motions). D.E. 53, p. 10, ¶ 58. Even if this Court were to apply Texas law, the Defendant is not entitled to relief. According to its terms, Chapter 9 applies to actions for damages for (1) personal injury, property damage, or death regardless of legal theory and (2) other damages resulting from tortious conduct. Tex. Civ. Prac. & Rem. Code § 9.002. It does not apply to cases brought under the Texas Deceptive Trade Practices Act or the Insurance Code. *Id.*, § 9.004.

This case, based on alleged violations of the Texas Debt Collection Act and breach of contract claims (D.E. 37) does not appear to be included in Chapter 9's scope. Additionally, any complaint under Chapter 9 requires a finding that the pleading complained of was "groundless." *Id.*, § 9.011. As demonstrated above, the Court has found that David McCaig may sue under the contract provisions that bound Allie Vida McCaig and Defendant as well as the Forebearance Agreement that was between David McCaig and Defendant. The claims are not "groundless" because of any defect in David McCaig's capacity.[1]

Chapter 10 does not contain any sections regarding applicability. However, any resulting sanctions must be based upon conduct found violative of Tex. Civ. Prac. & Rem. Code § 10.001. That section refers to "The signing of a pleading or motion as required by the Texas Rules of Civil Procedure." Because Defendant removed this case to this Court, the Texas Rules of Civil Procedure have no application. *Erie Ry Co.*, *supra.* Hence Chapter 10 supplies Defendant with no remedy. Even if it did supply a remedy, that remedy is to be determined by the Court, not by a jury, and is subject to summary judgment as described above. Tex. Civ. Prac. & Rem. Code §§ 10.004(a), 10.005.

---

[1] Defendant seeks to amend its counterclaim to complain that Plaintiffs brought the entire case in bad faith because they filed it even though Defendant voluntarily offered all of the relief they originally sought—to remove the threat of foreclosure and allow Plaintiffs to complete the Forbearance Agreement. D.E. 164. Plaintiffs' allegations are based, in part, upon a lack of confidence that Defendant will voluntarily comply with its promises and the expense they have incurred in seeking to enforce Defendant's promises. The Court need not allow a pleading amendment when the proposed amendment would be futile. Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1963).

For these reasons, the Court GRANTS the Motion for Summary Judgment (D.E. 139) and DISMISSES Defendant's counterclaim for Plaintiffs' alleged violations of Tex. Civ. Prac. & Rem. Code Chapters 9 and 10 based on Plaintiff David McCaig's capacity to bring his claims. The Court DENIES Defendant's request for leave to amend its counterclaim (D.E. 164).

ORDERED this 25th day of June, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE