**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **DAVID MCCAIG, INDIVIDUALLY AND AS THE HEIR AT LAW OF ALLIE VIDA MCCAIG AND MARILYN MCCAIG,** | |
| **Plaintiffs,** | **Civil Action No.  2:11-cv-00351** |
| **v.** | |
| **WELLS FARGO BANK (TEXAS), N.A.** | |
| **Defendant** | |

**WELLS FARGO BANK N.A.'S MEMORANDUM OF LAW**
**AND TRIAL BRIEF CONCERNING THE BEST EVIDENCE RULE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant") and files this memorandum of law and trial brief concerning the economic loss rule, and would respectfully show the Court as follows:

**I.  BRIEF INTRODUCTION**

1.      The best evidence rule requires an original writing – or duplicate thereof – is required in order to prove the content of that writing.  Where the original or a duplicate has not been produced, the proponent may not offer additional evidence to prove content.

**II.  ARGUMENT & AUTHORITIES**

**a.  Originals or Duplicates Required.**

2.      Federal Rule of Evidence 1002, commonly called the "best evidence rule," provides "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."  *R.R. Mgmt. Co., L.L.C. v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 217 (5th

Cir. 2005).  A duplicate is likewise admissible so long as there are no questions raised as to its authenticity.  Fed. R. Evid. 1003.

3.      Here, Plaintiffs seek to introduce testimony concerning a "Notice of Foreclosure" allegedly sent by Wells Fargo on November 30, 2010.  Plaintiffs admit that they do not have copies of this alleged correspondence.  Wells Fargo has no record of such notice being sent. Neither the original nor a duplicate of this document has been produced.  Therefore, the best evidence rule precludes the admission of any evidence offered to prove the content thereof.  *See Adonai Communications, Ltd. v. Awstin Investments, LLC*, 3:10-CV-2642-L, 2011 WL 4712246 (N.D. Tex. Oct. 7, 2011) (sustaining the defendants' objection to a portion of an affidavit under the best evidence rule where such affidavit referenced certain email correspondence and where originals and/or duplicates of the correspondence were never produced).

**b.  Content at Issue, Not Existence.**

4.      Rule 1008 makes clear that "when an issue is raised (a) whether the asserted writing ever existed, or (b) whether another writing...produced at trial is the original, or (c) whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine as in the case of other issues of fact."  *Hill v. City of Houston*, 235 F.3d 1339 (5th Cir. 2000).  However, oftentimes it is difficult to determine whether the testimony or evidence is intended to "prove the content" of the document or merely its "existence."  *R.R. Mgmt. Co.*, 428 F.3d at 217.  In practice, "testimony about a document cannot go very far without referring to its terms."  *Id.*

5.      The following factors should be considered when distinguishing between whether it is the content of the document or merely its existence that a witness intends to testify concerning:

> (a) the relative importance of content in the case, (b) the simplicity or complexity of content and consequent risk of error in admitting a testimonial account, (c) the strength of the proffered evidence of content, taking into account corroborative witnesses or evidence and the presence or absence of bias or self-interest on the part of the witnesses, (d) the breadth of the margin for error within which mistake in a testimonial account would not undermine the point to be proved, (e) the presence or absence of an actual dispute as to content, (f) the ease or difficulty of producing the writing, and (g) the reasons why the proponent of other proof of its content does not have or offer the writing itself.

*R.R. Mgmt. Co.,* 428 F.3d at 217 *citing* 5 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 570 (2d ed.1994); *see also* McCormick, *supra* at § 233 (arguing that application of the rule should turn "upon the trial judge's determination of such factors as the centrality of the writing to the litigation, the importance of bringing the precise words of the writing before the trier, and the danger of mistransmission or imposition in the absence of the original").

6.      In *R.R. Mgmt.*, the Fifth Circuit considered whether affidavits were admissible to prove 1) that an agreement between the parties existed; 2) that it concerned the assignment of certain rights in land; 3) that one such right was to collect payments under the agreement; and 4) the date upon which that agreement was effective. *R.R. Mgmt. Co.,* 428 F.3d at 218. The Court found that the fact of assignment and the relevant time periods were critical facts that were central to the litigation. *Id.* The Fifth Circuit found that oral testimony of the transaction was properly excluded because admissible copies of the actual agreement were never produced. *Id.*

7.      In this case, Plaintiffs seek to introduce evidence that Wells Fargo sent a purported "foreclosure notice" on or about November 30, 2010. Like the agreement in *R.R. Mgmt.*, the content of this purported correspondence is critical. Plaintiffs' claims are based largely on allegations that Wells Fargo improperly attempted to collect a debt from them and that Wells Fargo wrongfully posted the Property for foreclosure. Plaintiffs' claims cannot be

proven without first determining the content of the purported November 30, 2010 correspondence.

8.      The best evidence rule precludes any evidence concerning this alleged November 30, 2010 correspondence.

### III.  CONCLUSION AND RELIEF REQUESTED

9.      The best evidence rule bars Plaintiffs from presenting evidence attempting to prove the content of the alleged November 30, 2010 correspondence.

Respectfully submitted,

By:   //s// Daniel J. Kasprzak
Daniel J. Kasprzak
TBA No. 11105300

**OF COUNSEL:**
**JOHNSON DELUCA KURISKY & GOULD, P.C.**
Millard A. Johnson
State Bar No. 10772500
George A. Kurisky, Jr.
State Bar No. 11767700
Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**WELLS FARGO BANK N.A.**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Trial Brief regarding the economic loss rule was provided to counsel for Plaintiff on this the 14th day of September, 2013, as follows:

***Via CM/ECF***
SAVANNAH ROBINSON
1822 MAIN
DANBURY, TEXAS 77534

                                        __//s// Daniel J. Kasprzak_____
                                        Daniel J. Kasprzak