IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID McCAIG AND<br>MARILYN McCAIG<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:11-CV-351 |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your

verdict must be based upon the agreement of at least ten (10) jurors unless you are instructed otherwise.

**Burden of Proof**

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Evidence and Witnesses**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a

witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state opinions on those technical matters. However, you

are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

**Instructions on Your Deliberations**

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your sole interest is to determine whether Plaintiffs have proven their case by a preponderance of the evidence.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A bank and all other persons are equal before the law and must be treated as equals in a court of justice. Wells Fargo Bank, N.A. is a legal entity that acts through agents. In these instructions and questions, any act or omission by an agent or employee of Wells Fargo Bank, N.A. is attributable to Wells Fargo Bank, N.A., as long as the agent or employee was acting within the scope of the agency or employment relationship at the time of the act or omission.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, your notes, and any exhibits which the Court has admitted into evidence.

Remember that any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case.

Before beginning your deliberations, you should select a Foreperson who will help to guide your deliberations and speak for you here in the courtroom.

If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Once you have reached a verdict, the Foreperson should write the jury's verdict on the verdict form that has been prepared for you, and then sign and date at the bottom of the form.

Depending upon your answers to these questions, the Court may require that you remain as jurors for brief additional proceedings.

After you have finished your deliberations, you are not required to talk with anyone about the case unless the Court orders otherwise.

SIGNED this 20th day of September, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE