**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States Courts
Southern District of Texas
FILED

SEP 23 2013

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **DAVID McCAIG AND MARILYN McCAIG** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:11-CV-351** |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| | § | |
| **Defendant.** | § | |

**COURT'S INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your

verdict must be based upon the agreement of at least ten (10) jurors unless you are instructed otherwise.

**Burden of Proof**

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Evidence and Witnesses**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a

witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state opinions on those technical matters. However, you

are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

**Instructions on Your Deliberations**

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your sole interest is to determine whether Plaintiffs have proven their case by a preponderance of the evidence.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A bank and all other persons are equal before the law and must be treated as equals in a court of justice. Wells Fargo Bank, N.A. is a legal entity that acts through agents. In these instructions and questions, any act or omission by an agent or employee of Wells Fargo Bank, N.A. is attributable to Wells Fargo Bank, N.A., as long as the agent or employee was acting within the scope of the agency or employment relationship at the time of the act or omission.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, your notes, and any exhibits which the Court has admitted into evidence.

Remember that any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiffs should, or should not, win this case.

Before beginning your deliberations, you should select a Foreperson who will help to guide your deliberations and speak for you here in the courtroom.

If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Once you have reached a verdict, the Foreperson should write the jury's verdict on the verdict form that has been prepared for you, and then sign and date at the bottom of the form.

Depending upon your answers to these questions, the Court may require that you remain as jurors for brief additional proceedings.

After you have finished your deliberations, you are not required to talk with anyone about the case unless the Court orders otherwise.

SIGNED this _____ day of September, 2013.

____________________________________

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

## QUESTION ONE

Did Wells Fargo Bank, N.A. fail to comply with the forbearance agreement?

> Wells Fargo Bank, N.A. failed to comply with the forbearance agreement if it failed to adhere to or failed to perform a material term of the agreement.
>
> To determine whether a failure to comply is material, you may consider circumstances such as:
>
> - The extent to which David and Marilyn McCaig were deprived of the benefit which they reasonably expected;
> - The extent to which David and Marilyn McCaig could be adequately compensated for the portion of that benefit of which they were deprived; and
> - The likelihood that Wells Fargo Bank, N.A. would cure any failure to comply with the terms of the forbearance agreement, taking into account the circumstances including any reasonable assurances.

Answer "Yes" or "No"

Answer: Yes

## QUESTION TWO

Did Wells Fargo Bank, N.A. fail to comply with the compromise settlement agreement?

Wells Fargo Bank, N.A. failed to comply with the compromise settlement agreement if it failed to adhere to or failed to perform a material term of the agreement.

To determine whether a failure to comply is material, you may consider circumstances such as:

- The extent to which David and Marilyn McCaig were deprived of the benefit which they reasonably expected;
- The extent to which David and Marilyn McCaig could be adequately compensated for the portion of that benefit of which they were deprived; and
- The likelihood that Wells Fargo Bank, N.A. would cure any failure to comply with the terms of the compromise settlement agreement, taking into account the circumstances including any reasonable assurances.

Answer "Yes" or "No"

Answer: Yes

## QUESTION THREE

To answer the following questions, 3(a), 3(b), and 3(c), use these definitions:

(1) "Consumer" means an individual who has a consumer debt.

(2) "Consumer debt" means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

(3) "Debt collection" means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

(4) "Debt collector" means a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts.

### QUESTION 3(a)

Was David McCaig a "consumer" with respect to the transactions at issue?

Answer "Yes" or "No"

Answer: Yes

### QUESTION 3(b)

Was Marilyn McCaig a "consumer" with respect to the transactions at issue?

Answer "Yes" or "No"

Answer: Yes

### QUESTION 3(c)

Was Wells Fargo Bank, N.A. a "debt collector" with respect to the transactions at issue?

Answer "Yes" or "No"

Answer: Yes

## QUESTION FOUR

Did Wells Fargo Bank, N.A. violate the Texas Debt Collection Act by committing any of the following prohibited acts?

(1) Using threats, coercion, or attempts to coerce that employ any of the following practices:

a. Threatening that nonpayment of a consumer debt will result in the sale of the person's property without proper court proceedings; or

b. Threatening to take an action prohibited by law.

This does not prevent a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.

(2) Using unfair or unconscionable means to collect or attempt to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

(3) In debt collection or obtaining information concerning a consumer, using a fraudulent, deceptive, or misleading representation that

a. Misrepresents the character, extent or amount of a consumer debt; or

b. Represents that a consumer debt may be increased by the addition of attorney's fees or other charges if a written contract or statute does not authorize the additional fees or charges.

Answer "Yes" or "No"

Answer: Yes

If you have answered "Yes" to Question One, Question Two, Question Four, or any one or more of those Questions, then answer the following Questions 5(a), 5(b), 5(c). Otherwise, do not answer these Questions under Question Five.

**QUESTION FIVE**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate David and Marilyn McCaig for their damages, if any, that resulted from Wells Fargo Bank, N.A.'s conduct found in response to Question One, Question Two, and/or Question Four?

If you find that Wells Fargo Bank, N.A. is liable to David McCaig and Marilyn McCaig, then you must determine an amount that is fair compensation for all of the McCaigs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the McCaigs whole—that is, to compensate them for the damage that they have suffered. Compensatory damages are not limited to expenses that the McCaigs may have incurred because of their injury. If the McCaigs win, they are entitled to compensatory damages for all of the damages that they have suffered because of Wells Fargo Bank, N.A.'s conduct.

You may award compensatory damages only for injuries that the McCaigs prove were proximately caused by Wells Fargo Bank, N.A.'s allegedly wrongful conduct. The damages that you award must be fair compensation for all of the McCaigs' damages, no more and no less. These damages are not allowed as a punishment and cannot be imposed or increased to penalize Wells Fargo Bank, N.A. You should not award compensatory damages for speculative injuries, but only for those injuries which the McCaigs have actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the McCaigs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

Consider the following elements of damages, if any, and none other:

Expenses: The reasonable and necessary cost to David and Marilyn McCaig to maintain their rights under the agreement, including their expenses and not including attorney's fees or costs involved in filing and prosecuting this lawsuit.

Mental anguish damages: damages that compensate for a relatively high degree of mental pain and distress. Compensable mental anguish must be more than mere disappointment, anger, resentment, or embarrassment, though it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, wounded pride, shame, despair, and/or public humiliation.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a. Expenses that David McCaig and Marilyn McCaig have sustained, if any:

Answer: $1900

b. Mental anguish damages that David McCaig has sustained, if any:

Answer: $75,000

c. Mental anguish damages that Marilyn McCaig has sustained, if any:

Answer: $75,000

## QUESTION SIX

Did Wells Fargo Bank, N.A. violate the Texas Debt Collection Act by using threats, coercion, or attempts to coerce that represented to any person other than the consumer that the consumer is wilfully refusing to pay a non-disputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute?

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to Question 6, then answer the following question, otherwise, do not answer the following question.

**QUESTION SEVEN**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate David and Marilyn McCaig for their damages, if any, that resulted from Wells Fargo Bank, N.A.'s conduct described in Question Six?

Consider the following elements of damages, if any, and none other:

"Actual damages" includes out of pocket, economic, or pecuniary losses and mental anguish damages.

"Mental anguish damages" means damages that compensate for a relatively high degree of mental pain and distress. Compensable mental anguish must be more than mere disappointment, anger, resentment, or embarrassment, though it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, wounded pride, shame, despair, and/or public humiliation.

Answer with a separate amount of damages for each time that Wells Fargo Bank, N.A. violated the Texas Debt Collection Act in the manner described in Question Six.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a. Damages that David McCaig has sustained, if any:

First violation, if any: $500.00

Second violation, if any: Ø

Third violation, if any: Ø

b. Damages that Marilyn McCaig has sustained, if any:

First violation, if any: $500.00

Second violation, if any: Ø

Third violation, if any: Ø

If you unanimously answered "Yes" to Question Four or Question Six, answer the following question. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

**QUESTION EIGHT**

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Wells Fargo Bank, N.A. to cause substantial injury or harm to David McCaig or Marilyn McCaig.

a. Do you find by clear and convincing evidence that the harm to David McCaig resulted from malice?

Answer "Yes" or "No."

Answer: No

b. Do you find by clear and convincing evidence that the harm to Marilyn McCaig resulted from malice?

Answer "Yes" or "No."

Answer: No

If you have answered "Yes" to Question One, Question Two, Question Four, Question Six or any one or more of those Questions, then answer the following question. Otherwise, do not answer the following question.

**QUESTION NINE**

What is a reasonable fee for the necessary services of David McCaig and Marilyn McCaig's attorney, stated in dollars and cents?

Answer with an amount:

Answer: $200,000