UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| David McCaig, individually and as the | § | |
| Heir at Law of Allie Vida McCaig, | § | 2:11-cv-00351 |
| And Marilyn McCaig | § | |
| | § | |
| vs. | § | |
| | § | |
| Wells Fargo Bank (Texas), N.A. | § | JURY REQUESTED |

**PLAINTIFF'S MOTION
FOR COSTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, David McCaig, individually and as Heir at Law of Allie Vida McCaig, and Marilyn McCaig, and make this his Motion for costs incurred as costs of court, and would show as follows:

I.
**THE FORDTRAN DEPOSITION**

1.      The Parties agreed, on the first day of trial, to carry the costs of Dr. Fordtran's expert fees for deposition as a "cost of court".

**Dr. Robert Lee Fordtran                          $4,000.00**

2.      Pursuant to longstanding law, the fees are appropriately assessed against Wells Fargo. *Louisiana Power & Light Co. v. Kellstrom*, 50 F. 3d 319, 332 – 333 (5th Cir. 1995).

II.
**FEDERAL RULE 54**

3.      This motion is made less than 14 days after the entry of judgment. Pursuant to TDCA, Plaintiff is the prevailing party, and entitled to costs of court.

4.      Federal Rule of Civil Procedure 54 provides that "costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party *unless the court otherwise directs ...*" Fed.

1

R. Civ. P. 54; *emphasis added*. The specific items which can properly be taxed as costs in connection with an action in the United States District Court are set out in Title 28, section 1920, of the United States Code. 28 U.S.C. §1920. "The [C]ourt may decline to award certain costs, but may not tax *expenses* that are not listed in §1920." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) (*emphasis added*); *citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 1987). Title 28 U.S.C. section 20 set out the expenses that a district court may tax as costs to the non-prevailing party: "a judge or clerk of any court of the United States may tax as costs the following:

(1). fees of the clerk and marshal;
(2). fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3). fees and disbursement for printing and witnesses;
(4). fees for exemplicfication and copies of papers necessarily obtained for use in the case;
(5). docket fees under section 1923 of this title;
(6). compensation of court appointed experts, compensation of interpreters and salaries, fees expenses and costs of special interpretation services under section 1828 of this title."
28 U.S.C. §1920. " *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440, 107 S.Ct.

2494, 96 L. Ed. 2d 385 (1987). Section 1821 provides that a "witness shall be paid an attedance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance" 28 U.S.C. §1821(b) (*emphasis added*). The United States Supreme Court in interpreting the interaction between Federal Rule of Civil Procedure 54 and 28 U.S.C sections 1821 and 1920 explained that section 1920 defines the term "costs" under Rule 54(d) and enumerates the costs which a court may, or may not, in its discretion tax under Rule 54(d). *Crawford Fitting*, 482 U.S. at 441. Once it is determined what are the permissible costs under section 1920, the Court may then exercise discretion pursuant to Rule 54(d)(2).

## III.
## 28 USCA 1920

**4.      The amounts provided by statute are:**

**(1) Fees of the clerk and marshall**           **$319.00 (filing fee and svc)**

**$ 40.00 (subpoena fee Jennifer DeMonde)**

**$40.00 (subpoena fee Ryan Bourgeois)**

**(2) Fees for transcribed and video depositions**

**Michael Dolan**

| | |
|---|---|
| **Transcript** | **$1,778.84** |
| **Video** | **$194.85** |
| **Edit (1st)** | **$650.00** |

**Jennifer Demonde**

| | |
|---|---|
| **Transcript** | **$854.45** |
| **Video** | **$559.48** |
| **Edit (1st)** | **$650.00** |

**Ryan Bourgeois**

| | |
|---|---|
| **Transcript** | **$798.39** |
| **Video** | **(included)** |
| **Edit (1st)** | **$650.00** |

**Chip Morrow**

| | |
|---|---|
| **Transcript** | **$1,044.45** |
| **Video** | **$300.00** |

**Dale Faulkner**

| | |
|---|---|
| **Transcript** | **$449.65** |

|  |  |
|---|---|
| **Video** | **$440.00** |
| **Dr. Robert Fordtran** | **$525.33** |
| **Rusty Williams** | **$900.31** |
| **Dr. Rios** | **$484.72** |
| **David McCaig (1)** | |
| **David McCaig (2)** | |
| **Marilyn McCaig** | |
| **David McCaig, Jr.** | |
| **Vaughn Westheimer** | |
| **Transcript** | **$351.62** |
| **Savannah Robinson** | |

**(3) Fees and disbursements for printing and witnesses**

|  |  |
|---|---|
| **Per diem – Dr. Rios** | **$80.00** |
| **Per diem Rusty Williams** | **$120.00** |
| **Actual travel expenses** | |
| **Williams** | **$1,224.50** |

 **(4) Copies necessarily used for the case**

|  |  |
|---|---|
| **PACER** | **$162.90** |
| **Barrett Daffin** | **$437.65** |

**(5) Docket fees** — **To be determined by the Clerk**

**(6) Court appointed experts** — **N/A**

## IV.

## ADDITIONAL MATTERS

4

**Postage**

| | |
|---|---|
| **121 letters x 0.46** | **$55.66** |
| **5 CD x 1.12** | **$5.60** |

**DVDs**

| | |
|---|---|
| **5 x 0.52** | **$2.60** |

## V.
## REQUEST PURSUANT TO RULE 54(d)(2)

Rule 54(d)(2) allows the Court to shift the burden of nontaxable expenses related to a claim for attorneys fees. In determining whether to award nontaxable expenses, the Court may consider whether the Defendant has needlessly prolonged the litigation with multiple motions, and other conduct that was essentially unfair. *Philadelphia Indem. Co. v. SSR Hospitality, Inc.*, 459 Fed Appx 308, 318 (5th Cir. 2012).

In this category of expenses, Plaintiffs seek the following fees and expenses:

| | |
|---|---|
| **Michael Westergren, jury consulting** | **$525.00** |
| **Dr. R.J. Rios, testimony** | **$300.00** |
| **Charles Williams, trial testimony** | **$7,000.00** |
| **Charles Williams, deposition** | **$2,625.00** |
| **Charles Williams, report** | **$16,040.50** |
| **Travel expenses** | **$3,400.80** |

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter its judgment that Defendant pay the costs as indicated.

Respectfully Submitted,

__/s/ Savannah Robinson___
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
fax: 979-922-8857

ATTACHMENTS

Exhibit 1 – Affidavit with Exhibits

CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the ___4__ day of _January_____, 2014.

George A. Kurisky, Jr.
BranchM. Sheppard
Johnson, DeLuca, Kurisky & Gould PC
4 Houston Center
1221 Lamar St, Suite 1000
Houston, TX 77010

__/s/ Savannah Robinson_____
Savannah Robinson

6