UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **DAVID MCCAIG, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF ALLIE VIDA MCCAIG,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK (TEXAS), N.A.**<br><br>Defendant | Civil Action No.  2:11-cv-00351 |

### WELLS FARGO'S RESPONSE TO PLAINTIFFS' MOTION FOR COSTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Wells Fargo Bank, N.A. ("Wells Fargo"), Defendant in the above-styled and numbered civil action, and files its Response to Plaintiffs' Motion for Costs [Docket No. 294] (the "Motion"), and would respectfully show the Court as follows:

## I.
## INTRODUCTION

1. In their Motion, Plaintiffs seek an award of $47,011.12 as costs. As discussed in detail below the majority of the sum requested by Plaintiffs is comprised of expenses that are not allowed to be charged against Wells Fargo as a matter of law. Additionally, any award of costs assessed against Wells Fargo should be offset by the costs appropriately recoverable by Wells Fargo. Wells Fargo intends to file a separate Motion for Costs detailing the costs to which it is entitled.

1

## III.
## ARGUMENT & AUTHORITIES

2. Plaintiffs' request involves two provisions of the Federal Rules of Civil Procedure. Specifically, Plaintiffs request expenses for expert depositions under Rule 26(b)(4)(E). Plaintiffs request taxable and non-taxable costs under Rule 54. Each of Plaintiffs' requests will be addressed below.

### A. EXPERT FEES AS PART OF DISCOVERY UNDER FRCP 26(b)(4); DR. FORDTRAN.

3. Rule 26(b)(4)(E) provides for the recovery of expert fees as part of discovery. *See* Fed. R. Civ. P. 26(b)(4)(E). This rule applies to both parties, not just the prevailing party. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332-33 (5th Cir. 1995). Wells Fargo intends to file its own motion for costs under this provision.

4. The expense allowable under Rule 26(b)(4)(E) only provides for the payment of a reasonable fee for time spent by the expert in responding to discovery; it does not extend to costs associated with obtaining the expert's report. *See Ovella v. B & C Const. & Equip., LLC*, 1:10CV285-LG-RHW, 2012 WL 3267530 (S.D. Miss. Aug. 9, 2012) (denying a request for reimbursement for costs associated with expert's report).

5. On August 14, 2013, this Court heard Plaintiffs' previous motion for Dr. Fordtran's fees [Docket No. 184]. Wells Fargo urged the Court to follow the customary procedure in Texas that each party pays their own experts for expenses incurred during depositions. The Court declined to rule on the motion and instructed the parties to reach an agreement concerning whether each party would bear the costs of the depositions of its own experts or whether such fees would be sought from the other party.

6. On August 16, 2013, Wells Fargo sent a proposed agreement to Plaintiffs wherein Wells Fargo offered to pay the deposition costs of Plaintiffs' experts, Charles L. Williams and Dr. Fordtran,[1] provided that Plaintiffs agreed to reimburse Wells Fargo for deposition costs of its experts. Plaintiffs never responded to Wells Fargo's offer.

7. It was unclear during August 14, 2013 hearing whether the Court considered Dr. Fordtran an expert for the purpose of awarding fees under Rule 26(b)(4)(E). Generally, treating physicians do not fall under the purview of Rule 26(b)(4)(E) because they are normally treated as fact witnesses. *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998) (holding that a treating physician is not entitled to compensation established by Rule 26(b)(4)(C)[2]).

8. However, if this Court finds that Wells Fargo is obligated to pay Dr. Fordtran's fee under Federal Rule 26(b)(4)(E), the Court should nevertheless deny or reduce the fee requested by Plaintiffs because $4,000.00 (4 hours at $1,000.00 per hour) is unreasonable.

9. When parties submit their discovery costs, the district court has discretion to limit or alter those costs if they appear to be unreasonable. *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 356 (5th Cir. 2007) *citing Chambers v. Ingram,* 858 F.2d 351, 361 (7th Cir.1988). Rule 26(b)(4)(E) limits discovery costs to those "reasonable" fees spent responding to discovery. The party seeking reimbursement of deposition fees bears the burden of proving reasonableness. *New York v. Solvent Chemical Co., Inc.,* 210 F.R.D. 462, 468 (W.D.N.Y.2002).

10. In *Haslett*, the Northern District of Texas found that non-retained, treating physicians do not fall under the purview of Rule 26(b)(4). *Haslett v. Texas Indus., Inc.*, CIV. A. 397-CV-2901D, 1999 WL 354227 at *1 (N.D. Tex. May 20, 1999). However, the court noted

---

[1] Wells Fargo limited Dr. Fordtran's fees to $2,000.00. As discussed below, Plaintiffs' request for $1,000 per hour is unreasonable.

[2] Former Rule 26(b)(4)(C) was amended in 2010 and is now codified under Federal Rule of Civil Procedure 26(b)(4)(E).

3

that "it is customary in this district and in area state courts for parties to compensate physicians at a reasonable rate for giving depositions in cases in which they are not parties." *Id.* at *2. The Court nevertheless denied the request for fees because it found that there was no record evidence that "the proposed fees of $10,000 per day for a full or partial day of trial testimony, $650 per hour for weekend deposition testimony, *or $1,000 per hour* for weekday deposition testimony are reasonable." *Id.* (emphasis added).

11. In this case, with the permission of Plaintiffs' counsel, Wells Fargo's counsel communicated with Dr. Fordtran directly regarding his deposition. Dr. Fordtran agreed to give his deposition without the necessity of a subpoena. Neither hourly rate nor expectation of payment was raised by him prior to his deposition. At the conclusion of Dr. Fordtran's depositions, Plaintiffs' counsel urged Dr. Fordtran to send her an invoice with the subtext that she would get Wells Fargo to pay him.

12. Several days after his deposition, Dr. Fordtran submitted an invoice for four hours of deposition testimony, billed at the rate of $1,000.00 per hour. Like *Haslett*, there is no evidence that a rate of $1,000.00 per hour is reasonable.[3] The Court should deny Plaintiffs' request for costs because the costs sought to be recovered are unreasonable.

    **B.    AWARD OF COSTS UNDER FRCP 54.**

13. Rule 54(d) of the Federal Rules of Civil Procedure provides that costs should be awarded to the prevailing party. Fed. R. Civ. Pro. 54(d); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 710-12 (S.D. Tex. 2012). Rule 54(d) allows for costs to be awarded in two ways:

---

[3] Plaintiffs include an undated letter from Dr. Fordtran in Exhibit "B" to Plaintiffs' Motion for Costs. In the letter, Dr. Fordtran states that he believes his fee of $4,000.00 to be reasonable. Wells Fargo objects to Dr. Fordtran's self-serving statements as inadmissible hearsay. Additionally, Wells Fargo objects to Dr. Fordtran's letter because it is unreliable expert testimony concerning the reasonableness of medical fees.

(i) taxable costs, those set out in 28 U.S.C. § 1920, and (ii) nontaxable expenses. Fed. R. Civ. P. 54(d).

### i. TAXABLE COSTS UNDER FRCP 54(d)(1).

14. Under Rule 54(d)(1), the prevailing party is generally entitled to costs of court However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Such expenses are limited to:

**(1)** Fees of the clerk and marshal;

**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title; and

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 .S.C.A. § 1920 (West)

15. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford,* 482 U.S. at 441-42, 107 S.Ct. 2494.

16. With regard to expert fees, the Supreme Court held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Id.* at 439, 107 S. Ct. 2494; *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 332 (5th Cir.), *cert. denied,* 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). Section 1821(b) provides as follows:

**(b)** A witness shall be paid an attendance fee of $40 per day for each day's

attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C.A. § 1821 (West)

17. Wells Fargo objects to the following costs sought by Plaintiffs Rule 54(d)(1):

  a. Amount of $351.62 for the deposition of Vaughn Westheimer. Per the invoice concerning Mr. Westheimer's deposition transcript, the charge was $319.65. A late charge was assessed due to Plaintiffs' failure to pay the invoice in a timely manner. Wells Fargo should not be required to pay Plaintiffs' late charge;

  b. PACER charges in the amount of $162.90. PACER charges are not taxable under 28 U.S.C. § 1920. *Cashman Equip. Corp. v. Rozel Operating Co.,* No. 08–363–RET, 2011 WL 2460943, at *2 (M.D.La. June 17, 2011) (finding that PACER research expenses are not taxable under 28 U.S.C. § 1920); and

  c. Postage in the amounts of $55.66 and $5.60 and expense for "DVDs" in the amount of $2.60. Miscellaneous expenses such as postage, facsimiles, electronic legal research, and travel expenses are not recoverable under § 1920. *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007).

  d. Videotape depositions of Michael Dolan, Chip Morrow, and Dr. Dale Faulkner in the amounts of $194.85, $350.00, and $440.00, respectively. Courts generally do not award costs for both transcripts and videos unless the videos were actually used at trial. *See Structural Metals, Inc. v. S & C Elec. Co.*, SA-09-CV-984-XR, 2013 WL 3790450 (W.D. Tex. July 19, 2013)("this Court does not generally award costs for both transcripts and videos unless the videos were actually used at trial"); *see also HEI Res. E. OMG Joint Venture v. S. Lavon Evans,* Civ. A. No. 5:07–CV–622010 WL 536997 (S. D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.").

  e. Video editing of Ryan Bourgeois, Michael Dolan, and Jennifer DeMonde in the amount of $1,950.00.[4] Rule 54(d)(1) does not provide for the recovery of expenses for editing depositions." *Johnson v. Bergh,* 2009 WL 36421 at *2 (E. D. Mo. Jan.6, 2009) ("[t]he statute does not allow taxation of costs for editing depositions"); *Thabault v. Chait,* 2009 WL 69332 at *12 (D. N.J. Jan.7, 2009)

---

[4] During trial, Plaintiff sought to play un-edited video depositions. Wells Fargo objected to the un-edited depositions and voluntarily agreed to pay for the expedited video editing of the depositions of Michael Dolan and Jennifer DeMonde. Plaintiffs provided an invoice from Coastal Bend Video Services, invoice no. 24686, in the amount of $600.00, for which Wells Fargo immediately remitted payment. Wells Fargo did not agree to any other fees for video editing.

6

(this Court must draw the line [regarding taxation of costs] at high-tech preparation of videotaped depositions of witnesses who testified live and in-person at trial).

### ii. NON-TAXABLE EXPENSES UNDER FRCP 54(d)(2).

18. Rule 54(d)(2) provides for the recovery of nontaxable expenses requested in conjunction with a motion for an award of attorney's fees *"unless the substantive law requires those fees to be proved at trial as an element of damages.*" (emphasis added).

19. Federal law provides the procedure for recovery of nontaxable costs, but state law determines whether they are recoverable. *Vanderbilt Mortg. & Fin., Inc. v. Flores*, CIV.A. C-09-312, 2011 WL 2160928 (S.D. Tex. May 27, 2011) (citations omitted); Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.' It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees.").

20. "It is the general rule in Texas that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery of those items is expressly provided for by statute, is available under equitable principles, or is expressly provided for by contract." *See Shenandoah Associates v. J & K Properties, Inc.,* 741 S.W.2d 470, 486 (Tex. App.—Dallas 1987, writ denied) (internal citations omitted); *Brandtjen & Kluge v. Manney,* 238 S.W.2d 609, 612 (Tex. Civ. App.—Fort Worth 1951, writ ref'd n.r.e.). Additionally, expert fees are not recoverable under Texas law. *Headington Oil Co., L.P. v. White*, 287 S.W.3d 204, 212 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citations omitted).

21. Here, Plaintiffs seek a total of $29,891.30 in non-taxable costs for her experts, including a jury consultant. These expert fees are not recoverable under Texas law. *See White*,

287 S.W.3d at 212. Additionally, Plaintiffs treated these matters as part of the damages for which they requested recovery at trial. Specifically, during her testimony on attorney's fees, Plaintiffs' counsel requested expert fees from the jury in the amount of $32,384.23. *See Exhibit "A," Transcript of Testimony of Savannah Robinson During Jury Trial – Day 2, p. 23, ll. 23-25; p. 24, ll. 1-25; p. 25, ll. 1-3.* It is unclear whether the jury included these costs in their award or whether the jury declined to award such costs. In any event, Plaintiffs are not entitled to second bite at the apple to recover these fees.

22. In light of the above, Rule 54(d)(2) may not properly be applied Plaintiffs' motion for costs. Wells Fargo respectfully requests that the Court deny Plaintiffs' motion for fees under Rule 54(d)(2).

## V.
## CONCLUSION

23. This Court should deny Plaintiffs' request for Dr. Fordtran's deposition fee under Rule 26(b)(4)(E). In the alternative, Wells Fargo requests that the amount requested by Plaintiffs be reduced to an amount that is reasonable under the circumstances.

24. With regard to Plaintiffs' request for fees under Rule 54(d)(1), Wells Fargo requests that the Court deny Plaintiffs' request for fees not properly assessed under 28 U.S.C. § 1920. These expenses include (i) late payment for the depostioin transcript of Vaughn Westheimer ($31.97); (ii) PACER expenses ($162.90); and postage and "DVD" expenses ($63.86).

25. The Court should further deny Plaintiffs' request for expert fees under Rule 54(d)(2). Rule 54(d)(2) is inapplicable to Plaintiffs because they were required to prove their attorney's fees at trial as an element of damages. Additionally, expert fees are not recoverable under Texas law.

# VI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court deny the improper requests for costs in Plaintiffs' Motion for Costs [Docket No. 294] as outlined above, and award Wells Fargo any further relief at law, and in equity, as is just.

Respectfully submitted,

By: __//s// Daniel J. Kasprzak__
     Daniel J. Kasprzak
     TBA No. 11105300

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD**
**A Professional Corporation**

George A. Kurisky, Jr.
TBA No. 11767700
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Plaintiffs' Motion for Costs was sent to counsel for Plaintiffs by electronic service via the Court's CM/ECF system on this 10th day of January, 2014, as follows:

*Via facsimile (979) 922-8857*
SAVANNAH ROBINSON
1822 MAIN
DANBURY, TEXAS 77534       __//s// Daniel J. Kasprzak__
                                                                        Daniel J. Kasprzak