UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID MCCAIG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-351 |
| | § | |
| WELLS FARGO BANK (TEXAS), N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTIONS FOR COSTS

Before the Court are the parties' respective motions for costs. Plaintiffs, David McCaig and Marilyn McCaig (collectively the McCaigs), as prevailing parties, seek to recover expert witness fees, court fees for filing and subpoenas, deposition transcripts and editing fees, witness fees, and other miscellaneous expenses, some of which are sought on the basis that Defendant, Wells Fargo Bank (Texas), N.A. (Wells Fargo) needlessly prolonged the litigation. D.E. 294. Wells Fargo seeks reimbursement of its expert witness fees associated with expert depositions as an allowable discovery expense. D.E. 296. For the reasons set out below, the McCaigs' Motion (D.E. 294) is GRANTED IN PART AND DENIED IN PART and Wells Fargo's Motion (D.E. 296) is GRANTED IN PART AND DENIED IN PART.

### EXPERT WITNESS DISCOVERY—RULE 26(b)(4)(E)

Under Fed. R. Civ. P. 26(b)(4)(E), each party has the obligation to pay reasonable fees and expenses generated by experts responding to discovery. The rule states:

> Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> (i) Pay the expert a reasonable fee for time spent in responding to discovery under rule 26(b)(4)(A) or (D); and

>    (ii)   For discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Pursuant to this rule, the McCaigs seek $4,000 in payment for the fee charged by Robert L. Fordtran, M.D. (David McCaig's treating physician) for his time being deposed and Wells Fargo seeks $5,040 in combined fees for the depositions of Mr. Chip Morrow (Wells Fargo's expert on the banking industry) and Dale Faulkner, M.D. (Wells Fargo's expert on medical issues).

### A. Timeliness

As a preliminary matter, the McCaigs contend that Wells Fargo's request for these deposition expenses is not timely. D.E. 297, p. 1. Under Local Rule 54 (which invokes Fed. R. Civ. P. 54 and 28 U.S.C. § 1920), a request for costs is due within 14 days of the entry of the final judgment. The Final Judgment in this case was entered December 30, 2013 (D.E. 293) and Wells Fargo's request was filed January 10, 2014. The request, by this measure, is timely.

However, Wells Fargo's request is not for costs as a prevailing party under Rule 54 but is for a discovery expense under Fed. R. Civ. P. 26(b)(4)(E). Rule 26 does not contain a deadline for seeking this expense. In fact, the McCaigs have not supplied any authority for a particular Rule 26 deadline. In *Hockerson-Halberstadt, Inc. v. Propet USA, Inc*., 62 Fed. Appx. 322, 335 (Fed. Cir. 2003), the Federal Circuit noted that the expert witness deposition fee was not a "cost." *See also, Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995). However, when the *Propet* court reversed the denial of the request as "costs" and remanded to the district court to enter a new order requiring payment outside the

parameters of "costs," the court did not suggest that the request, presumably post-judgment, was untimely. In *Kellstrom*, the request appeared to be untimely under Rule 54, but was still granted under Rule 26. *Kellstrom, supra*.

The Court rejects the McCaigs' complaint that Wells Fargo's request for these deposition expenses is untimely.

### B. Dr. Fordtran: Treating Physician as an Expert

The matter of Dr. Fordtran's fee was the subject of a previous motion (D.E. 183) and response (D.E. 187). Wells Fargo argued then and now that it could not be compelled to pay for Dr. Fordtran's deposition fee because he was a treating physician. Wells Fargo complains that Dr. Fordtran was deposed as a fact witness rather than as an expert. *Fisher v. Ford Motor Co*., 178 F.R.D. 195, 197 (N.D. Ohio 1998). Even *Fisher*, however, noted that such physicians could be compensated at a higher rate than the fact witness per diem when they are asked to draw upon their expertise beyond the actual treatment of the party. *Id*. at 197-98 (collecting cases).

Dr. Fordtran's statement sets his fee at a rate of $1,000 per hour. Wells Fargo cites *Haslett v. Texas Industries, Inc*., No. 397-CV-2901D, 1999 WL 354227, *1 (N.D. Tex. May 20, 1999) for the proposition that a fee of $1,000 per hour is unreasonable. The Court notes that *Haslett* also observed that "it is customary in this district and in area state courts for parties to compensate physicians at a reasonable rate for giving depositions in cases in which they are not parties." *Id*. at *2.

The McCaigs' Sixth Supplemental Designation of Experts (D.E. 173) lists Dr. Fordtran as a treating physician, but also notes that, as a medical expert, he is expected to testify as to

opinions based on the doctor's knowledge, education, experience, and treatment of other similar patients. Nothing in Wells Fargo's response to the McCaigs' request indicates that the deposition was limited to only fact issues rather than expert issues. Under *Kellstrom, supra*, the deposition time of the expert witness is compensable and is to be paid by the deposing party. Consequently, the Court will permit Dr. Fordtran to be compensated in a reasonable amount not limited to the per diem fact witness limit of 28 U.S.C. § 1821.

### C. Dr. Fordtran: The Reasonable Rate for Expert Depositions

There is no challenge to the four (4) hours reported by Dr. Fordtran. However, Wells Fargo has challenged his requested rate of $1,000 per hour. Dr. Fordtran addressed the reasonableness of the rate in an undated and unauthenticated letter. D.E. 294-2, p. 2. Wells Fargo objects to that letter as hearsay and as unreliable expert testimony. D.E. 295, p. 4. The McCaigs have not responded to these objections. Neither have they supplemented their evidence. The Court sustains the hearsay objection.

The Court has the discretion to limit or alter expert deposition expenses if they appear to be unreasonable. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007). The McCaigs have not submitted evidence to support the extraordinary rate sought by Dr. Fordtran. The Court considers that Wells Fargo's medical expert has submitted his own request for payment at $400 per hour, indicating that such a rate is a reasonable one. The Court ORDERS Wells Fargo to pay Dr. Fordtran's expenses in the sum of $1,600.00, representing four (4) hours at the rate of $400 per hour.

### D. Mr. Morrow

Mr. Morrow's invoice (D.E. 296-2) charges 7.6 hours at a rate of $400 per hour. The McCaigs first assert a global objection that it is unreasonable. In particular, they complain of an excessive amount of time spent preparing his report and conferring with Wells Fargo's counsel. However, the invoice does not appear to charge for any time spent preparing a report or conferring with counsel. While the McCaigs claim that "huge gaps in logic and fact" in Morrow's report required his deposition, implying that it might otherwise have been unnecessary, they do not elaborate on what those gaps were or how they required unnecessary work.

Because no evidence or explanation is offered to support the McCaigs' specific objection, it is overruled. The Court has reviewed Mr. Morrow's invoice for reasonableness. While time to prepare for, travel to, and sit for the deposition are hours that are compensable, the Court is not aware of any requirement that the deposing party pay for the deponent to read the deposition after it is taken. The Court also notes that the McCaigs' witness did not charge for reading his deposition. The Court exercises its discretion to reduce Mr. Morrow's charges by one hour. The Court ORDERS the McCaigs to pay Mr. Morrow's expenses in the sum of $2,640.00, representing 6.6 hours at the rate of $400 per hour.

### E. Dr. Faulkner

Dr. Faulkner has submitted his invoice (D.E. 296-3) charging five (5) hours at the rate of $400 per hour. Again, the McCaigs object in general terms that the invoice is unreasonable. More specifically, however, they object because Dr. Faulkner admitted at his deposition that he was not an expert in the field for which he was designated. D.E. 297, p. 2. According to Wells

Fargo's designation, "Wells Fargo's retained medical expert [Dr. Faulkner] is expected to give expert testimony regarding David McCaig's medical condition and rebutting David McCaig's alleged mental anguish, stress, and heart ailments." D.E. 218. In his deposition, Dr. Faulkner denied being an expert on mental anguish or stress. D.E. 297, p. 2.

The McCaigs argue that it works a manifest injustice when a party retains an expert whose testimony is irrelevant or who is not qualified on the matter designated. The Court agrees. It is imperative that expert designations accurately reflect the expertise at issue so that opposing parties may determine whether, under all of the circumstances of the case, the deposition of the expert is required to adequately prepare for trial. Dr. Faulkner was designated for three areas of expertise and had only one. Consequently, in the discretion of this Court to reduce fees to a reasonable amount, the Court reduces Dr. Faulkner's invoice to one-third of its original amount and ORDERS the McCaigs to pay Dr. Faulkner's expenses in the amount of $666.67.

## TAXABLE COSTS—RULE 54(d)(1)

Under Federal Rule of Civil Procedure 54(d), costs—other than attorney's fees—should be granted to the prevailing party. Rule 54 affords the Court discretion to award taxable costs according to the circumstances of the case and 28 U.S.C. § 1920 defines which costs are "taxable costs." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). The statute reads:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, Civ. A. No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005).  The district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, Civ. A. No. H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006).

### A. Court Fees

It is clear that the Court's filing fee, fee for service of process, and subpoena fees are taxable costs.  28 U.S.C. § 1920(1).  Wells Fargo has not stated any objection to those costs. Wells Fargo is ORDERED to pay to the McCaigs the sum of $399.00 for the requested fees of the clerk and marshal.

### B. Deposition Transcripts

The prevailing party may recover the costs of deposition transcripts where they were necessarily obtained for use in the case and not merely for the convenience of the attorneys.

*Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party. *See, e.g.*, *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-cv-1827, 2013 WL 3148671, at *24 (S.D. Tex. June 19, 2013); *Krohn v. David Powers Homes, Inc.*, No. H 07 3885, 2009 WL 2605284, at *4 (S.D. Tex. Aug. 21, 2009).

Wells Fargo has not objected to the McCaigs' request to assess the deposition transcripts as taxable costs. The only objection is to the amount stated for the transcript of the deposition of Vaughn Westheimer. The McCaigs requested the amount due if the invoice were paid after the due date. The Court agrees that the additional amount owed if paid late should not be included in the taxable costs and the correct amount for the transcript of the deposition of Vaughn Westheimer is $319.65. The Court finds that the following deposition transcript expenses are taxable costs and ORDERS Wells Fargo to pay these amounts to the McCaigs:

- Michael Dolan transcript         $1,778.84
- Jennifer Demonde transcript      $854.45
- Ryan Bourgeois transcript        $798.39
- Chip Morrow transcript           $1,044.45
- Dale Faulkner, M.D. transcript   $449.65
- Robert Fordtran, M.D. transcript $525.33
- Charles L. Williams transcript   $900.31
- Dr. Robert Rios transcript       $484.72
- Vaughn Westheimer transcript     $319.65

**C. Deposition Videos**

Wells Fargo objects to the costs for videos in addition to the written transcripts regarding the depositions of Michael Dolan, Chip Morrow, and Dr. Dale Faulkner, who did not appear at trial by video. While a party may recover the cost for depositions in electronic format under 28 U.S.C. § 1920, some courts in their discretion decline to tax the cost of a video in addition to a written transcript unless the video is actually used at trial. *E.g.*, *Structural Metals, Inc. v. S&C Electric Co.*, SA-09-CV-984-XR, 2013 WL 3790450 (W.D. Tex. July 19, 2013); *HEI Res. E. OMG Joint Venture v. S. Lavon Evans*, No. 5:07-CV-62, 2010 WL 536997 (S.D. Tex. February 10, 2010).

By the same token, some courts will award the costs for both a written transcript and video when considered appropriate trial preparation under the circumstances of the particular case. *E.g.*, *Thabault v. Chait*, 2009 WL 69332, *7 (D.N.J. January 7, 2009). The *Thabault* court specifically observed that nothing in 28 U.S.C. § 1920 requires the introduction of the video deposition into evidence at trial to consider it "used" at trial. *Id*. There, the length and complexity of the trial justified the court's award of the expense of all transcripts and videos taken in the case as taxable costs.

This Court is painfully aware of the contentious nature of the pretrial proceedings in this case, including the manner in which depositions were taken. The Court understands the need to have the video form of the depositions of Dolan and Morrow, who were key to the liability issues in this case. Given that the McCaigs have admitted that the deposition of Dr. Faulkner had limited usefulness because of his own testimony of a lack of expertise on the specific

damages issues submitted to the jury, the Court exercises its discretion and declines to tax the cost of Dr. Faulkner's video.

The Court ORDERS Wells Fargo to pay to the McCaigs the cost of the video depositions of Michael Dolan in the amount of $194.85 and Chip Morrow in the amount of $300.00. The Court further ORDERS Wells Fargo to pay the cost of the Jennifer Demonde video, which was actually used at trial and to which Wells Fargo did not object, in the amount of $559.48.

### D. Deposition Video Editing

Wells Fargo contends that video editing is not considered a taxable cost under 28 U.S.C. § 1920, citing *Johnson v. Bergh*, 2009 WL 36421, *2 (E.D. Mo. January 6, 2009) and *Thabault, supra*. While the *Johnson* opinion supports Wells Fargo's position, the *Thabault* opinion does not. In *Thabault*, the plaintiff was awarded editing costs for depositions that were presented at trial. *Thabault, supra* at 12. That court, in a footnote, further suggested that such costs could be taxable for depositions of witnesses who testified live because of the uncertainty in predicting which witnesses would be available to appear live at trial. *Id*. n.6. Because the plaintiff did not request those expenses for depositions of witnesses who appeared live, the *Thabault* court did not have to decide the issue.

Deposition expenses such as editing for presentation at trial may be taxable provided they represent reasonable expenses necessary for the preparation of the trial rather than merely for discovery or for the convenience of counsel. *See, e.g.*, *In re Scientific–Atlanta, Inc. Securities Litigation*, 2011 WL 2671296, at *1 (N.D. Ga. July 6, 2011); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 n. 9 (W.D. Tex. 2010).

What was "reasonably necessary trial use" is a question that can only be evaluated in the context of the particular case, considering the importance of particular testimony. *E.g., Thabault, supra*; *Fresenius, supra*.

After considering the actual use of the video deposition testimony of Jennifer Demonde and Ryan Bourgeois and the need for having the testimony of Michael Dolan readily available to the McCaigs for use at trial, the Court ORDERS Wells Fargo to pay to the McCaigs the costs of video editing for all three witnesses in the amount of $1,950.00.

### E. Witnesses and Printing

A $40.00 per diem attendance fee and travel and subsistence expenses are awardable as costs to witnesses who attend the trial for the time spent at the trial and for travel time. 28 U.S.C. §§ 1821, 1920(3). Wells Fargo has not objected to the McCaigs' request for these fees as taxable costs. The Court ORDERS Wells Fargo to pay to the McCaigs the amount of $1,424.50 for those expenses.

### F. Copies

Under 28 U.S.C. § 1920(4), fees associated with "making copies of any materials where the copies are necessarily obtained for use in the case" are taxable costs. The McCaigs have claimed charges for obtaining copies of documents through the PACER system. They do not explain why they incurred any PACER charges and the Court takes judicial notice that, upon email notice of the filing of any document, counsel and all registered users receiving the email notice are entitled to access each document once at no charge. Wells Fargo asserts that such charges were denied in *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363-RET, 2011

WL 2460943, *2 (M.D. La. June 17, 2011). Because the McCaigs have not demonstrated the necessity of incurring PACER charges, those charges are DENIED.

Wells Fargo has not objected to the charges incurred for retrieving copies of records from the law firm of Barrett Daffin Frappier Turner & Engel. The Court ORDERS Wells Fargo to pay to the McCaigs those copy costs in the amount of $437.65.

## G. Additional Matters

Under the heading "Additional Matters," the McCaigs seek recovery of expenses for postage, CDs, and DVDs. They do not recite any authority for the Court to tax such expenses as costs and they are set out separately from those expenses claimed under 28 U.S.C. § 1920. Wells Fargo objects that miscellaneous expenses such as postage are not recoverable under 28 U.S.C. § 1920. *See Cashman, supra*; *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007). The Court agrees. The expenses for these additional matters are DENIED.

## NONTAXABLE EXPENSES—RULE 54(d)(2)

The McCaigs seek an award of nontaxable expenses as attorney's fees under Fed. R. Civ. P. 54(d)(2), arguing that Wells Fargo needlessly prolonged the litigation with multiple motions, and other conduct that was essentially unfair. *Philadelphia Indem. Co. v. SSR Hospitality, Inc.*, 459 Fed. Appx. 308, 318 (5th Cir. 2012). This is a matter committed to the Court's broad discretion. *E.g., Castiblanco v. Wells Fargo Bank, N.A.*, No. H–12–473, 2013 WL 6079519, *2 (S.D. Tex. Nov. 19, 2013). The Court, fully aware of the manner in which this case progressed to trial, declines to award nontaxable costs as attorney's fees under Rule 54(d)(2).

## CONCLUSION

For the reasons set out above, the Court GRANTS IN PART AND DENIES IN PART the McCaigs' Motion for Costs (D.E. 294) and ORDERS Wells Fargo to pay to the McCaigs the following amounts within 30 days of the date of this order:

| | |
|---|---:|
| Expert discovery | $1,600.00 |
| Court fees | $399.00 |
| Depositions | $10,160.12 |
| Witnesses | $1,424.50 |
| Copies | $437.65 |
| Total: | $14,021.27 |

The Court further GRANTS IN PART AND DENIES IN PART Wells Fargo's Motion for Costs (D.E. 296) and ORDERS the McCaigs to pay to Wells Fargo the following amount within 30 days of the date of this order:

Expert discovery    $3,306.67

ORDERED this 3rd day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE